## RIDENHOUR vs. THE STATE OF GEORGIA.

1. Where a justice of the peace was indicted for malpractice in office, in wilfully and knowingly demanding and receiving more costs than he was entitled to under the law, a service on him of a copy of the indictment, except that it did not contain the names of the grand jurors, was a substantial compliance with the law, and a special plea alleging that this service was insufficient was properly stricken on demurrer.

2. An examination of the entire charge shows that the court did not emphasize the receiving more than the demanding of excessive costs, but that the two were coupled together in the charge.

3. A charge that, to warrant a conviction, it must appear that the magistrate wilfully and knowingly demanded and received more costs than he was entitled to, covers the point that it was corruptly done; and the refusal to charge, that it must have been corruptly done, will not require a new trial.

4. In the earlier decisions of this court it was held, in construing the Penal Code of 1833, that in a criminal case the jury were judges of the law and the facts in such sense that they could determine the law to be different from that given in charge by the judge, and such was the uniform ruling until after the late civil war. Without expressly overruling these decisions, the later rulings of the court have been to the contrary; and in 64 *Ga.*, 454, construing the constitution of 1877, the later rulings were re-affirmed by the unanimous decision of a full bench; and though two members of the present bench do not concur in opinion with that decision, it is binding unless reversed by a unanimous bench.

November 17, 1885.

Criminal Law. Indictment. Officers. Malpractice in Office. Charge of Court. Jury and Jurors. Constitu-

tional Law.   Before Judge WILLIS.   Muscogee Superior Court.   May Term, 1885.

To the report contained in the decision, it is necessary to add only that the court refused to charge that, in a criminal case, the jury are the judges of the law and the facts, and instead charged as follows: " I am requested to charge you, gentlemen, that the jury, in criminal cases, are judges of the law and the facts.   Juries, in criminal cases, are judges of the law as given them in charge by the court. It is the duty of the court to give you the law in charge that covers the questions made by the case submitted to you.   It is your duty to receive the law as given you in charge by the court, apply that law to the facts, and then make such a verdict as you believe the facts justify, under the rules of law given you in charge by the court.   The court is responsible for the law; the court is placed here to give you the law in charge.   If I commit an error, the jury has no right to correct me.   The legislature, in its wisdom, has seen fit to provide another tribunal to review and correct my errors, if committed.   That tribunal is not the jury, but the Supreme Court of Georgia.   You are the exclusive judges of the fact.   I cannot invade your province.   I cannot even intimate to you what I believe concerning the facts in the case, for that is your province, and the law is mine."

B. A. THORNTON; GOETCHIUS & CHAPPELL, for plaintiff in error.

THOS. W. GRIMES, solicitor general; JOHN PEABODY, by brief, for the state.

BLANDFORD, Justice.

The plaintiff in error was indicted for malpractice in office as a justice of the peace, in that he wilfully and knowingly demanded and received more costs than he was

entitled to under the law; he was found guilty, and he moved the court, for a new trial, on numerous grounds, which the court overruled and refused, and he excepted, and assigns as error the refusal of the new trial upon each and all of the grounds set forth in the motion.

1. The first ground is that the court erred in sustaining a demurrer to his special plea that he had not been served with a copy of the bill of indictment, but he had only been served with a copy of said indictment without its containing the names of the grand jurors.

We think that this is a sufficient compliance with the statute. The copy served upon him fully advised him of the charges against him, and if he desired to know who the grand jurors were, he had only to apply to the clerk, who would have furnished him with a list of the grand jurors. The offense with which he was to be charged before the grand jury was served upon him, and this is sufficient, and the court did right to sustain the demurrer to this plea.

2. It is much insisted by the able counsel for plaintiff in error that the court in its charge laid more stress upon the accused having received more costs than he was entitled to than upon his having demanded the costs, but on examination of the entire charge, which we find in the record, shows that this exception is not well taken, for that the charge shows that the court invariably put the case to the jury, that if the accused demanded and received, or received after demanding, more costs than he was entitled to, etc., so we think that this exception is not well founded.

3. The main ground insisted upon is that the court refused certain requests of plaintiff in error, to the effect that the evidence must show that the accused acted corruptly in his office by taking more costs than he was entitled to, before he could be found guilty. The charge of the court shows that the judge instructed the jury that the accused must have demanded and received, as justice

of the peace, more costs than he was entitled to, wilfully and knowingly, before he could be convicted, and this charge is in the language of the Code, section 4504. The words wilfully and knowingly imply corruption. So, where an officer does an illegal act in his office or by virtue thereof, wilfully and knowingly, he does the same corruptly, and under our Code he is guilty of malpractice in office.

When the court has fully instructed and charged the jury upon the law of the case before them, it is not error to refuse to further charge requests by counsel, however legal they may be.

4. The plaintiff in error requested the court to charge the jury that, in criminal cases, they were the judges of the law as well as the facts. This court held, under the Penal Code of 1833, that a clause in said Code, declaring that the jury were judges of the law as well as of the facts, meant that the jury could determine the law to be different from that given in charge by the judge, and such were the uniform rulings of this court, until after the war, upon this clause in the Penal Code of 1833. 5 *Ga.*, 441; 10 *Id.*, 512; 18 *Id.*, 194; 22 *Id.*, 478; 30 *Id.*, 353, 383.

These decisions were made by a court, one of the judges of which was a compiler of the Penal Code of 1833, but these decisions, although not expressly overruled, were departed from after the late war, in 42 *Ga.*, 9, and other cases. After the constitution of 1877 was adopted, which contained the same declaration as that in the Code, "that the jurors in criminal cases were judges of the law as well as the facts," this question came before this court in several cases, and in *Hill vs. The State*, 64 *Ga.*, 454, the court declared that the constitution of 1877 merely affirmed the Code and re-affirmed the decision in 42 *Ga.*, 9; without reversing or reviewing the previous decisions of this court referred to. This was a unanimous decision of this bench at the time, and while two of us, my brother Hall and myself, think that the rulings of this court down to the 30th

*Ga*, referred to, are the law, yet, as in *Hill's* case, the constitution of 1877 has received a construction different from what we think the law is, by a unanimous court, and as that decision cannot be reviewed and reversed, except by a unanimous court, and the Chief Justice adheres to that decision, we are powerless under the law, although we think that in criminal cases the jury are judges of the law and facts, and are not bound by or compelled to take the law as given them in charge by the court. The legislature should make this law so plain that there can be no doubt about it. There are no errors complained of that require a reversal of this case.

The verdict of the jury is sustained by the law and the evidence, and the judgment is affirmed.