## HECOX *v.* THE STATE.

105  625
105  655
105  625
114  856
105  625
f118 125

1. A confession of guilt by the accused, freely and voluntarily made, is admissible in evidence against him, although such confession is coupled with the proposition on his part to settle or compromise the case or charge against him, such an offer of settlement not being induced by another.

2. If after a money-changing transaction between A. and B., whereby the former delivered to the latter two bills in exchange for smaller bills and a coin, had been completed, B., with the consent of A., either express or implied, took from his possession, ostensibly and, as A. supposed, for the purpose of recounting the same, the smaller bills and the coin, but really with the intention of fraudulently retaining and appropriating to his own use three of these bills, and if in pursuance of such intention B. carried away the three bills with intent to steal the same, he was guilty of simple larceny.

Submitted October 3,—Decided October 13, 1898.

Accusation of larceny. Before Judge Berry. Criminal court of Atlanta. June term, 1898.

The plaintiff in error was accused of stealing fifteen dollars in money. The testimony shows, that he went to the prosecutor, who was on a train with his wife, and asked if the prosecutor had two ten-dollar bills which he could get for change. Prosecutor produced the two bills and held them until defendant had counted out three five-dollar bills and five dollars in change. Prosecutor placed this money in the lap of his wife, and gave defendant the two ten-dollar bills. Defendant then reached down and turned back some of the change-bills, saying, " Let me see," and in the shuffle the three five-dollar bills were abstracted. Defendant disappeared from the car; prosecutor discovered the loss almost immediately, and followed him. Since coming to court for this trial, defendant had sent for the prosecutor, and had said to him that he wanted to settle the case with him, that he took the money, that he was sorry; and offered to pay back the fifteen dollars, and the court costs, if prosecutor would agree to a settlement of the case.

The points made by the motion for new trial are:

1. That the offense proved was that of being a common cheat and swindler, and not larceny.

2. That it was error to admit the confession of defendant,

40

over objection that it appeared on its face to have been made from hope of reward, and for the express purpose of settling the prosecution.

*Thomas L. Bishop* and *George P. Roberts,* for plaintiff in error. *James F. O'Neill, solicitor,* contra.

LEWIS J. 1. It is insisted in this case that the confession of the accused was improperly admitted, inasmuch as it was done under a hope of benefit, that his case might thereby be settled without a prosecution. It was not pretended that any such hope was induced by the witness or any other party. If any existed, it was entirely within the breast of the defendant himself. The confession was entirely voluntary, and under §1006 of the Penal Code, in order for a hope of benefit or a fear of injury to render it inadmissible, such hope or fear must be induced by another. *Bohannon* v. *State,* 92 *Ga.* 28. Chief Justice Bleckley, in delivering the opinion, on page 32, said: "If a man rears a crop of hope in his own mind from seeds of his own planting, and under its influence makes a confession, this will not exclude the confession as evidence. The hope that excludes is that, and that only, which some other person kindles or excites."

2. It is further contended in this case that the facts make a case of a cheat and swindler, or some crime other than simple larceny. Under the facts of the present case there is no question but that the prosecutor had perfect title to the property alleged to have been stolen, when the defendant took the same ostensibly for the purpose of ascertaining if he had given the correct amount of change. No objection appears from the record to his again handling the money for this purpose. There was at least a tacit assent for him to recount it. There was not only no intention to pass the title, but there was no trust delegated to the defendant to make any use or disposition of the property whatever for the benefit of the owner. Nor in any view could this be considered a case of larceny from the person. It was not a private taking from the person of the owner, without his knowledge, which is essential under section 175 of the Penal Code to sustain a charge of larceny from the person.

The principle ruled in the second headnote is controlled by the decision this day rendered in the case of *Finkelstein v. State,* ante, 617. See the opinion and citation of authorities in that case. *Judgment affirmed. All the Justices concurring.*