## ANDERSON *v.* THE STATE.

1. Where the evidence for the State showed that the homicide was committed by the accused without provocation or extenuating circumstances, it was not material error to charge that if the jury believed, beyond a reasonable doubt, that the accused did the killing, then the law presumed it was done with malice, and the burden would be on the accused to show that it was not murder.
2. The court properly charged that the jury should take the law from the court and not from counsel.
3. There was no error in the instruction as to the contentions of the State.
4. Under the evidence, the law of involuntary manslaughter was not involved in the case, and the court properly refused to charge on that subject.
5. The verdict was warranted, if not demanded, by the evidence, and the refusal of a new trial was not erroneous.

Argued February 22, — Decided March 2, 1905.

Indictment for murder.  Before Judge Spence.  Decatur superior court.  January 30, 1905.

*J. H. Gilpin* and *A. E. Thornton,* for plaintiff in error.
*John C. Hart, attorney-general,* and *W. E. Wooten, solicitor-general,* by *Arnold & Arnold,* contra.

FISH, P. J.  Noah Anderson was convicted of murder, for the killing of his father, Henry Anderson.  Upon the trial the State introduced only one witness, the mother of the accused.  She testified as follows:  Noah came to the house of Henry, in a

drunken condition. Henry asked him if he had got the whisky he was sent for. Noah replied that he had, but that Henry could not get a drop of it. Henry then went into the house, followed by Noah, who had a pistol in his hand, threatening to kill his father, Henry. Henry walked about the room, Noah continuing to follow him with the pistol and repeating his threats to kill him. Witness left the room and went into the yard. Henry came to the window and asked her for the bureau key. Just at that time she heard a pistol shot and saw Henry fall. She rushed into the room and found him upon the floor by the window, dead, and Noah standing near by. She said to Noah, "Noah, you have killed your daddy." He said, "Yes'm, I done something of the kind." Noah said to a boy who was there, "Here, boy, carry this pistol to Joe Bowles's house." Noah said nothing else, but "walked about like somebody crazy; he did not leave, he just walked back and forth, walked up and down the road, and he went in there and looked at his father." Henry did not have or own a pistol. There was no pistol in the bureau drawer. Henry was about eighty years old at the time he was killed. The accused introduced no evidence and made no statement. He moved for a new trial, which motion being overruled, he excepted.

1. As the evidence for the State showed that the homicide was committed by the accused without provocation or extenuating circumstances, there was no material error in charging to the effect that if the jury believed, beyond all reasonable doubt, that the accused did the killing, then the law would presume that it was done with malice, and the burden would be upon the accused to show that it was justifiable, or that there were extenuating circumstances which would, in law, reduce the killing from murder to a lesser offense. While the accused had the right to rely upon any evidence of justification, or of extenuating circumstances, which might appear from the evidence introduced by the State, yet, where no justification or extenuating circumstances appeared from the evidence submitted by the State, the accused was not hurt by this charge of the court.

2. The court did not err in instructing the jury to take the law as given them in charge by the court, and not from counsel.

3. Neither did the court err in stating the contentions of the State.

4. The court properly refused to charge on the subject of involuntary manslaughter,, as, under the evidence, that offense was not involved in the case.

5. The evidence fully warranted, if, indeed, it did not demand a verdict of murder, and the court did not err in refusing to grant a new trial.          *Judgment affirmed. All the Justices concur.*