### BRANNON *v.* THE STATE.

HILL, J. 1. Where two persons are jointly indicted for murder, and the indictment charges that both of the accused did kill and murder the deceased with a certain gun which the two defendants then and there held, etc., the indictment is not subject to demurrer, on the trial of one of the accused, (1) because it is not alleged which one of the defendants held the gun when the shot was claimed to have been fired; nor (2) because the indictment does not charge which one of the defendants named in the indictment fired the shot claimed to have been fired; nor (3) because the charge in the indictment is not sufficient to put "this defendant [on trial] on notice which of the defendants did the act charged, contrary to the laws of said State, etc." See: *Jones* v. *State*, 130 *Ga.* 274 (6), 279 (60 S. E. 840); *Lewis* v. *State*, 136 *Ga.* 355 (71 S. E. 417); *Futch* v. *State*, 137 *Ga.* 75, 80 (72 S. E. 9, 11).

2. Upon the trial of one charged with murder it was not error for the court to allow a witness for the State to testify to certain statements of the accused, where it appeared that they were freely and voluntarily made.

(*a*) Nor was it error in such a case to admit in evidence the statements, although they made out a case of justifiable homicide on the part of the defendant. Such statements were admissible to show the killing.

(*b*) Especially was the admission of the evidence in such a case not error where the court charged the jury that "if the defendant in this case has admitted the killing of John Farmer, the deceased, in the manner described in the bill of indictment, but in the same connection offered a legal or justifiable excuse for the killing of Farmer, then I charge you that this would not be an admission of guilt, and you should not consider it as a confession."

3. Where the court, upon request, instructed the jury that "unless the statement of the defendant in this case, if there was a statement, amounted to a confession and it was broad enough to comprehend every essential element necessary to make out the State's case [as charged in the bill of indictment against the defendant], I charge you that such statement could not be said to be an admission of guilt," and the charge as requested was given, except the words enclosed in brackets, which were included in the request, this was not error of which the defendant can complain.

4. There being no evidence tending to show that the deceased was attacking the property or habitation of the defendant at the time of the homicide, the court did not err in refusing, upon written request, to charge the law in relation to one making a forcible attack and invasion on the property or habitation of another, as contained in § 72 of the Penal Code. *Holton* v. *State,* 137 *Ga.* 86 (4), 87 (72 S. E. 949); *Rouse* v. *State,* 136 *Ga.* 356 (71 S. E. 667).

5. It is not error on the trial of one charged with murder for the court to instruct the jury as follows: "While counsel on both sides have read to you in your hearing law which is no doubt valuable to both of us in undertaking to solve the issues made in this case, still after all you are to take the law from the court, and are not to be influenced in any verdict that you may render in this case by any statement of facts contained in any other case. So that from this you are to understand that you are not at liberty, in determining your verdict, to depart from the evidence and statement, with the law as given you in charge." *Anderson* v. *State,* 122 *Ga.* 175 (50 S. E. 51); *Davis* v. *State,* 136 *Ga.* 798 (72 S. E. 157); *Holton* v. *State,* 137 *Ga.* 86 (8), 88 (72 S. E. 949).

6. Where on the trial of one charged with murder the court, in his final instruction to the jury as to the form of verdict, charged them as to the penalty for murder, it was not error to omit to instruct them, in that connection, as to the penalty for voluntary manslaughter, it appearing from the general charge that they had already been instructed as to the penalty for voluntary manslaughter.

7. Where on the trial of one charged with murder the evidence is both circumstantial and direct, it is not error for the court to omit to charge the law of circumstantial evidence. *Nobles* v. *State,* 127 *Ga.* 212 (5), 213 (56 S. E. 125); *Day* v. *State,* 133 *Ga.* 434 (66 S. E. 250); *Hegwood* v. *State,* 138 *Ga.* 274 (75 S. E. 138). It is only where the evidence is entirely circumstantial that the court is required to instruct the jury on the law of circumstantial evidence.

8. It is not error in a trial court to give precautionary instructions to a jury, tending to impress upon them the gravity of the issues involved, where nothing is said in the instructions to prejudice the rights of the defendant. Nothing harmful appears from the instructions given in this case. *Lyles* v. *State,* 130 *Ga.* 294 (60 S. E. 578).

9. The verdict is supported by the evidence. The other assignments of error are without merit.

                 *Judgment affirmed. All the Justices concur.*
                 November 11, 1913.

     Indictment for murder. Before Judge Jones. Habersham superior court. August 22, 1913.

*Sam Kimzey* and *J. C. Edwards & Sons,* for plaintiff in error.

*T. S. Felder, attorney-general,* and *Robert McMillan, solicitor-general,* contra.