## CLARK *v.* THE STATE.

FISH, C. J. 1. The court instructed the jury to the effect that if the accused shot the deceased in self-defense,—if at the time he was shot the deceased was endeavoring by violence or surprise to commit a felony upon the person of the accused, and he shot in self-defense, then he would be justifiable, and the jury would not be authorized to convict him of any offense; and if the accused shot the deceased under circumstances which "were sufficient to excite the fears of a reasonable man, a reasonably courageous man, a reasonably self-possessed man, that a felony was about to be committed upon his person, and he really and in good faith acted under the influence of those fears to protect his person from a real or apparent danger," he would be justifiable, and the jury would not be authorized to convict him of any offense. *Held,* that this instruction was not error for either of the reasons assigned, viz.: (*a*) it "narrowed the defense before the jury to a felony:—that is, . . the jury, before they would be justifiable in turning the defendant loose, would have to believe that a felony was about to be committed upon his person by the deceased;" whereas, "if only a serious personal injury was intended in this case, it might be sufficient to reduce the homicide from murder to manslaughter, or justify the defendant altogether." (*b*) It was not correct, because, as the defendant contended, the homicide occurred at his home, or on his premises.

(*a*) The court elsewhere charged as to the offense of voluntary manslaughter.

(*b*) Even if the instruction would have been erroneous if there had been evidence that the homicide occurred at the home or on the premises of the accused, there was no such evidence.

2. There was evidence to authorize an instruction to the effect that, if the accused shot and killed the deceased as charged in the indictment and with malice aforethought either express or implied, he would be guilty of murder.

3. Even if there was no evidence authorizing an instruction on the law of mutual combat, as the verdict was for murder, and not for voluntary manslaughter, a charge as to the latter offense was not cause for a new trial.

4. The omission to give in charge, in the absence of a request, the law of circumstantial evidence as contained in the Penal Code (1910), § 1010, was not cause for a new trial, as the evidence for the State tending to show the guilt of the accused was not wholly circumstantial. *Brannon* v. *State*, 140 *Ga.* 787 (80 S. E. 7).

5. The failure to instruct the jury as to the right to defend one's property or habitation against forcible attack and invasion, as declared in the Penal Code (1910), § 72, was not error, as there was no evidence to authorize such an instruction. *Brannon* v. *State*, supra.

6. There was no merit in the ground of the motion for new trial assigning error upon the failure of the court to give in charge Penal Code § 74, providing that "Parents and children may mutually protect each other, and justify the defense of the person or reputation of each other." The judge in a note to this ground stated that he charged the law as contained in that section, and it appears from the charge sent up in the record that he gave an accurate instruction on the subject and a concrete application of it.

7. In view of the evidence there was no merit in the assignments of error upon the mere failure of the court to give in charge Penal Code § 75, that "All other instances which stand upon the same footing of reason and justice as those enumerated shall be justifiable homicide;" and § 76, that "The homicide appearing to be justifiable, the person indicted shall upon the trial be fully acquitted and discharged."

8. The verdict was authorized by the evidence, and the refusal of a new trial was not error.     *Judgment affirmed. All the Justices concur.*
                                    OCTOBER 14, 1914.

Indictment for murder. Before Judge James B. Park. Jones superior court. June 2, 1914.

*John R. Cooper* and *J. C. Barron,* for plaintiff in error.

*Warren Grice, attorney-general,* and *J. E. Pottle, solicitor-general,* contra.