*Clifford Walker,* attorney-general, *John P. Ross,* solicitor-general, and *M. C. Bennet,* contra.

---

HILL *v.* THE STATE.

GEORGE, J. 1. On the trial of a person for the homicide of his sister, evidence that just before the killing of the sister the accused, without provocation, shot and killed the husband of the deceased, immediately thereafter stated to a witness that he had killed the husband and that he was "going home after the rest" (referring to the deceased by name), walked directly to the home where the deceased lived, stepped in the door of the house, and shot and killed the deceased while she was performing her domestic duties, was admissible as tending to show malice, intent, or motive on the part of the accused with respect to the crime. *Frank* v. *State*, 141 *Ga.* 243 (2 *b*), 244 (80 S. E. 1016); 1 Michie on Homicide, § 172; 1 Wharton's Criminal Law (10th ed.), 60. The statement of the accused, who lived with the deceased, that he was "going home after the rest," naming the sister, was also admissible as tending to show a threat to take the life of the deceased.

2. Grounds of the motion for new trial based on the admission of evidence, which fail to set forth the evidence objected to, or the grounds of objection, do not present any question for decision by this court.

3. Upon the trial of the accused the court charged the jury as follows: "You are the judges of the facts. The law you take from the court and apply to the facts of the case as you find them from the evidence in the case." The error assigned is that the court failed to charge the jury that they were "likewise the judges of the law as well as judges of the fact." The exception is without merit. *Davis* v. *State*, 136 *Ga.* 798 (72 S. E. 157); *Holton* v. *State*, 137 *Ga.* 86 (8), 88 (72 S. E. 949).

4. In one ground of the motion for new trial complaint is made of the following charge: "In order for hope of benefit or fear of injury, if any, to render a confession, if any, inadmissible, such hope or fear must be induced by another. If you find there was hope or fear, or yet if you find that the hope or fear originated in the party's own mind from

seeds of his own planting, and under that hope or fear so originated the defendant made a confession, this will not exclude the confession, if any, as evidence." The charge contains a correct statement of the law in the abstract, and there is no specific assignment of error thereon. Penal Code, § 1032; *Hecox* v. *State*, 105 *Ga.* 625 (1), 626 (31 S. E. 592)'.

5. The remaining assignments of error based upon the charge of the court raised only the question of the correctness of the several principles of law given in charge to the jury. The charge has been examined, and is held to contain correct abstract statements of the several principles of law involved.

6. The evidence was sufficient to support the verdict, and the court did not .err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*

No. 1093. NOVEMBER 14, 1918.

Indictment for murder. Before Judge Crum. Crisp superior court. July 13, 1918.

*L. L. Davis* and *Pearson Ellis,* for plaintiff in error.

*Clifford Walker, attorney-general, J. B. Wall, solicitor-general,* and *M. C. Bennet,* contra.