19247.  SALTER *v.* THE STATE.

DECIDED DECEMBER 11, 1928.

*E. L. Stephens, T. E. Hightower,* for plaintiff in error.

*A. S. Bradley, solicitor-general,* contra.

LUKE, J.  The defendant was charged with murder and convicted of voluntary manslaughter, and, his motion for a new trial being overruled, he brings the case to this court for review.

The 1st special ground of the motion for a new trial alleges that the court erred in charging the law of voluntary manslaughter. The defendant's statement showed "circumstances to justify the excitement of passion, and to exclude all idea of deliberation or malice" (Penal Code, § 65), and "the law of voluntary manslaughter may properly be given in charge to the jury on the trial of one

indicted for murder, where, from the evidence or from the defendant's statement at the trial, there is anything deducible which would tend to show that he was guilty of voluntary manslaughter, or which would be sufficient to raise a doubt as to which of these grades of homicide was committed." *Reeves* v. *State*, 22 *Ga. App.* 628 (1) (97 S. E. 115).

The 2d, 3d, and 4th special grounds of the motion are based on newly discovered evidence. Some of the affidavits are not supported as required by law, and one presents evidence that is inadmissible. It is not shown that the alleged threat of the deceased against the defendant, referred to in the 3d special ground, was communicated to the accused prior to the homicide. *Ellison* v. *State*, 21 *Ga. App.* 259 (2) (94 S. E. 253). The State made a counter-showing; and we can not say that the judge abused his discretion in refusing a new trial on these grounds. "'The discretion of a trial judge in refusing a new trial on the ground of newly discovered evidence will not be controlled, unless manifestly abused.' *Tilley* v. *Cox*, 119 *Ga.* 867, 872 (47 S. E. 219). Where a motion for a new trial is based upon alleged newly discovered evidence, and affidavits are introduced, sustaining and disputing this ground of the motion, 'the trial judge is the trior of the facts, and it is his province to determine the credibility of the conflicting facts and contradictory witnesses.' *Hayes* v. *State*, 16 *Ga. App.* 334 (85 S. E. 235)." *Wright* v. *State*, 18 *Ga. App.* 705 (90 S. E. 285).

Special grounds 5, 6, 8, 9, and 10 of the motion for a new trial (complaining of the refusal of the court to permit certain witnesses to answer certain questions propounded to them) are not complete and understandable within themselves. In order for this court to understand the gist of the complaints, and to know whether the questions and expected answers were material, it would be necessary to examine other portions of the record, and, under repeated rulings of the Supreme Court and of this court, this will not be done.

The remark of the court objected to in the 7th special ground of the motion did not express or intimate any opinion as to the guilt or innocence of the accused, and was harmless to the defendant.

We have carefully considered the record and the briefs of counsel; and so far as the record shows, the trial court committed no error

of law, the evidence authorized the verdict, and therefore the judgment overruling the motion for a new trial is

*Affirmed. Broyles, C. J., and Bloodworth, J., concur.*