22271. BROWN v. THE STATE.

BROYLES, C. J. 1. The first special ground of the motion for a new trial, complaining of the court's refusal to allow a witness to answer a certain question, is too defective to be considered by this court, since it does not appear from the ground "that a statement was made to the court at the time, showing what the answer would be." Griffin v. Henderson, 117 Ga. 382 (2) (43 S. E. 712).

2. Special ground 2 of the motion (complaining of the admission of certain testimony) is not complete and understandable within itself. In order for this court to determine whether the admission of the evidence was error, it would be necessary to refer to the brief of the evidence. McCall v. State, 23 Ga. App. 770 (99 S. E. 471).

3. "The law of voluntary manslaughter may properly be given in charge to the jury on the trial of one indicted for murder, where, from the evidence or from the defendant's statement at the trial, there is anything deducible which would tend to show that he was guilty of voluntary manslaughter, or which would be sufficient to raise a doubt as to which of these grades of homicide was committed." Reeves v. State, 22 Ga. App. 628 (97 S. E. 115); Salter v. State, 39 Ga. App. 13 (145 S. E. 918). Applying this ruling to the facts of the instant case, the court did not err in instructing the jury upon the law of voluntary manslaughter, since such instructions were authorized by portions of the

defendant's statement to the jury. *May v. State,* 24 *Ga. App.* 379 (11), 382, 383 (100 S. E. 797).

4. The verdict was authorized by the evidence, and the refusal to grant a new trial was not error.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED JUNE 15, 1932.

*R. L. LeSueur, J. A. Hixon,* for plaintiff in error.
*Hollis Fort, solicitor-general,* contra.