JILLSON *v.* THE STATE.

DUCKWORTH, Justice. 1. On the trial of a defendant charged with murder by shooting with a pistol, the court did not err in admitting in evidence a pistol and bullet, over the objections that there was no evidence that the pistol offered in evidence was the actual pistol that did the killing, that it had not been shown "where it was shot, who shot it, or how it got there (in the car), and when it was shot;" there being evidence to identify the pistol as the one used by the defendant at the time, and the bullet as the one discharged from the pistol. *Betts* v. *State,* 66 *Ga.* 508; *Thomas* v. *State,* 67 *Ga.* 460; *Franklin* v. *State,* 69 *Ga.* 36, (47 Am. R. 748).

2. The judge did not err in refusing a request to charge the jury "that in criminal cases the jury are judges both of the law and the facts, and have the legal right both to construe the law and apply the facts;" he having in his charge instructed the jury as follows: "I charge you that you are the judges of both the law and the facts in criminal cases. The law you take from the court as given you in charge, and the facts you get from the witnesses who testify and from the statement of the defendant, and to the one you apply the other and then make your finding. The charge of the court is the law of the case, and by that you are bound, except you are the judges of it in applying it to the facts as you find them to be." The error in the request consisted of the statement that the jury had the legal right to construe the law. *Ridenhour* v. *State*, 75 *Ga.* 382; *Malone* v. *State*, 77 *Ga.* 767; *Berry* v. *State*, 105 *Ga.* 683 (31 S. E. 592); *Anderson* v. *State*, 122 *Ga.* 175 (50 S. E. 51); *Davis* v. *State*, 136 *Ga.* 798 (72 S. E. 157); *Holton* v. *State*, 137 *Ga.* 86 (72 S. E. 949); *Brannon* v. *State*, 140 *Ga.* 787 (80 S. E. 7); *Webb* v. *State*, 149 *Ga.* 211 (99 S. E. 630).

3. There being no evidence tending to show any assault by the deceased, or of a mutual intention to fight, or that the killing was the result of a sudden heat of passion, or any other theory which involved manslaughter, it was not error to refuse to charge the jury on that branch of the law.

4. A ground of a motion for new trial complaining that "the court erred in unduly stressing, all through the charge the contentions of the State, stating them repeatedly; and in unduly stressing, by repetition all through the charge, under what circumstances the jury would be authorized to find the defendant guilty; all of which amounted to an expression of opinion on the part of the court, and was prejudicial to the defendant, calculated to prejudice the jury," affords no cause for new trial. *Roberts* v. *State*, 92 *Ga.* 451 (17 S. E. 262); *Dixon* v. *State*, 105 *Ga.* 787 (31 S. E. 750); *Adams* v. *State*, 125 *Ga.* 11 (53 S. E. 804).

5. The evidence sustained the verdict, and the judge did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur except Russell, C. J., absent because of illness.*

No. 12435.   NOVEMBER 19, 1938.

*W. Tom Veazey* and *T. Reuben Burnside,* for plaintiff in error.

*M. J. Yeomans, attorney-general, J. Cecil Davis, solicitor-general, E. O. Blalock,* and *Duke Davis,* contra.