HARRIS *v.* THE STATE.

No. 13176. APRIL 11, 1940. REHEARING DENIED MAY 18, 1940.

*Randall Evans Jr., Jack D. Evans,* and *James R. Evans,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, J. Cecil Davis, solicitor-general, E. J. Clower* and *C. E. Gregory, assistant attorneys-general,* contra.

ATKINSON, Presiding Justice. The rulings announced in headnotes 1 to 5 inclusive and seven do not require elaboration.

The request to charge quoted in headnote 6 is substantially an excerpt from the headnote in *McGuffie* v. *State,* 17 *Ga.* 497 (12). The judge in that case charged on request that the jury "are judges, both of the law and the facts, and have the legal right, both to construe the law and apply the facts," but added, "the

law as given you in charge by the court." In the opinion it was said that the court "erred in restricting the jury, as he did on this point, to the law 'as given them in charge by the court.'" This court had dealt with a similar question in *Holder* v. *State*, 5 *Ga.* 441 (2) (not cited). It was said in the opinion that it is the privilege and duty of the court to instruct the jury "as to what the law is, and officially to direct their finding as to the law, yet, at the same time, in such way as not to limit the range of their judgment. In short, the court in the full exercise of its own functions must still obey the behest of the statute, and concede to the jury the exercise of their judgment on all the law of the case." The same principle was decided in *Ricks* v. *State*, 16 *Ga.* 600, 604. In *McPherson* v. *State*, 22 *Ga.* 478 (2), decided in 1857, it was held: "The jury, being the judges of the law and the fact, are not bound to go by the charge which the court makes, as to what is the law, unless the charge truly states what the law is; and whether the charge does that or not the jury have the right to decide." At the time of the decisions cited above the Penal Code of 1833 was in vogue. The 16th section of the 14th division of that Code was as follows: "On every trial of a crime or offense contained in this Code, or for any crime or offense, the jury shall be judges of the law, and the fact, and shall in every case give a general verdict of 'guilty,' or 'not guilty;' and on the acquittal of any defendant or prisoner, no new trial shall on any account be granted by the court." Ga. L. 1833, pp. 143, 207 (Code of 1933, § 27-2301). It was with reference to this law that the above decisions were made. Under that law juries were not permitted to render special findings in criminal cases, but were confined to general verdicts of "guilty," or "not guilty." Such verdicts might cover a multitude of undefined and unexpressed individual or collective views of the law entertained by the jurors unlearned in the law, upon which error could be assigned with uncertainty, if at all. Under the interpretation of this law as given in the above decisions, the functions of the judge were mainly advisory, to be given no effect if the jurors happened to think otherwise. In 1850 was enacted what is commonly called the dumb act which inhibits expression or intimation of opinion by the judge on any question of fact. Cobb's Dig. 462 (Code, § 81-1104). This act was not mentioned in the *McPherson* case decided in 1857, but it is significant that

inhibition did not extend to opinions on questions of law, thus separating questions of law and fact. In 1868, while conditions were as indicated above, the case of *Anderson* v. *State,* 42 *Ga.* 9, arose. Without mention of the former cases it was without elaboration held not to be error for the judge to charge the jury, "that they were the judges of the law and the facts, so as to enable them to apply the law to the facts, and bring in a general verdict, but they had no right to make the law; the law was laid down in the Code; it was the province of the court to construe the law and give it in charge, and of the jury to take the law as given, apply it to the facts as found by them, and bring in a general verdict," and to refuse a requested charge on that point. With this decision presumptively in the minds of the framers of the constitution of 1877, it was declared, in part (art. 1, sec. 2, par. 1), that "the jury in all criminal cases shall be the judges of the law and the facts." Code, § 2-201. This has been held to refer to the jury as "judges of the law and the facts," as interpreted in the *Anderson* case supra. *Hill* v. *State,* 64 *Ga.* 453, 471 (2) ; *Ridenhour* v. *State,* 75 *Ga.* 382 (4). It was said in the *Ridenhour* case: "In the earlier decisions of this court it was held, in construing the Penal Code of 1833, that in a criminal case the jury were judges of the law and the facts in such sense that they could determine the law to be different from that given in charge by the judge, and such was the uniform ruling until after the late civil war. Without expressly overruling these decisions, the later rulings of the court have been to the contrary; and in 64 *Ga.* 454, construing the constitution of 1877, the later rulings were reaffirmed by the unanimous decision of a full bench; and though two members of the present bench do not concur in opinion with that decision, it is binding unless reversed by a unanimous bench." To the same effect is *Danforth* v. *State,* 75 *Ga.* 614, 623 (58 Am. R. 480). It was there said: "That the court did not err in instructing the jury that, although they were judges of the law as well as the facts, under the constitution and laws of the State, they should take the law from the court, as it was responsible for its correct exposition, has been determined by this court in several cases [citing]. It is true that two of our number express dissatisfaction with that view of the law; but not being unanimous in opinion as to the propriety of reviewing former rulings upon that subject,

as we had to be under the act of the legislature (Code, § 217), we were compelled to affirm those rulings, and make them the settled law upon that subject, and so they must be regarded, so far as this present bench is concerned, unless the legislature shall see proper to prescribe a different rule." See *Malone* v. *State*, 77 *Ga.* 767 (2). When the question again came up for decision in *Berry* v. *State*, 105 *Ga.* 683 (31 S. E. 592), the entire bench concurring, it was held: "It is the province of the court to construe the law applicable in the trial of a criminal case, and of the jury to apply the law so construed to the facts in evidence. While the impaneled jurors are made absolutely and exclusively judges of the facts in the case, they are, in this sense only, judges of the law." In the opinion it was said. "As early as the case of *Anderson* v. *State*, 42 *Ga.* 9, this court held, that under a proper interpretation of the law, the jury 'were the judges of the law and the facts, so as to enable them to apply the law to the facts, and bring in a general verdict, but they had no right to make law; the law was laid down in the Code; it was the province of the court to construe the law and give it in charge, and of the jury to take the law as given, apply it to the facts as found by them, and bring in a general verdict.' Previous to that time it had been held that the jury were the judges of the facts and of the law; but that decision gave a different interpretation of the law as to the power of juries to judge of the law applicable to a case on trial, and the charge of the judge was in accord with the ruling there made. This has been followed, without exception, since the case of *Anderson,* and is now the settled law of this State; and there was no error committed by the court in charging as set out in the ground referred to, and in refusing to charge as requested on this subject." This decision has been consistently followed since its rendition. *Jackson* v. *State,* 118 *Ga.* 780, 782 (45 S. E. 604); *Rouse* v. *State,* 136 *Ga.* 356 (6) (71 S. E. 667); *Davis* v. *State,* 136 *Ga.* 798 (72 S. E. 157); *Brannon* v. *State,* 140 *Ga.* 787 (5) (80 S. E. 7); *Hill* v. *State,* 148 *Ga.* 521 (3) (97 S. E. 442); *Jillson* v. *State,* 187 *Ga.* 119 (2) (200 S. E. 707); *Mims* v. *State,* 188 *Ga.* 702 (4) (4 S. E. 2d, 831). On the point in question the decision in *Berry* v. *State,* and the cases following it, in effect overruled the decisions in the cases of *Holder, McGuffie,* and *McPherson,* supra. Everything was done to overrule them, except formally naming them

for review. On the basis of the later decisions the court has given notice to the parties, and on formal review overrules the earlier cases to the extent indicated. It is held that the request to charge as stated in the sixth special ground of the motion for a new trial was properly refused, because it did not state a correct principle of law. *Judgment affirmed. All the Justices concur.*