## McCOY *v.* THE STATE.

No. 13464. JANUARY 14, 1941. REHEARING DENIED FEBRUARY 14, 1941.

*Paul W. Hughes* and *Alton T. Milam,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, John A. Boykin, solicitor-general, J. W. LeCraw, Quincy O. Arnold, Herschel E. Smith* and *Victoria Wilbanks, assistant attorneys-general,* contra.

REID, Chief Justice. J. C. McCoy was found guilty, without a recommendation of mercy, of the murder of his wife by shooting her with a pistol. His motion for new trial, which was denied by the judge, in addition to the general grounds, contains six special grounds.

The evidence shows that the defendant, who lived in the home of his father-in-law, shot and killed his wife on the evening of December 14, 1939. During the evening meal the defendant's wife

informed him that she was dissatisfied with the fact that he used his earnings to buy whisky, leaving the burden of living expenses to be paid out of her small earnings. An argument ensued, during which the defendant announced that he was going out for the evening; whereupon his father-in-law told him that if he did go out, the door would be locked against his return. The defendant went into an adjoining room, returning immediately with a pistol. He fired the pistol first at his father-in-law, and then shot his wife, who was sitting on a bed. The father-in-law seized the defendant and succeeded, after Mrs. McCoy had been shot, in taking possession of the pistol. The defendant immediately left the scene and went to the home of a friend, informing him that he had shot his wife and his father-in-law. This friend suggested that defendant go to the police station and report. The evidence shows that the defendant drank a great deal, and when under the influence of intoxicants often abused his wife. After relating to the jury a series of family quarrels, he stated that he did not remember the shooting, and that after his father-in-law told him that he would be locked out of the house his mind went blank. He contended that he was laboring under a delusion (thinking that his wife's parents were unduly interfering with his domestic life), and therefore was not responsible for his conduct at the time of the killing.

■ The first special ground complains that the judge should have charged without request the law of voluntary manslaughter as in the case of "mutual combat," it being contended that the defendant at the time of the killing was engaged in combat with his father-in-law. Neither the evidence nor any portion of it taken in connection with the defendant's statement authorized a charge on voluntary manslaughter.

■ In the second special ground the defendant complains of the following excerpt from the charge: "Gentlemen, if upon considering this case, giving careful consideration to all the evidence in the case, and giving the defendant's statement such weight and credit as you think it is entitled to receive, you believe that this defendant, in the County of Fulton and State of Georgia, at any time prior to the return of this bill of indictment, did unlawfully and with malice aforethought kill and murder one Katherine McCoy by then and there shooting her with a pistol as charged in this indictment, and if you believe that beyond a reasonable doubt, it

would be your duty to convict this defendant. If you do not believe that is the truth of this case, or if you have a reasonable doubt as to that being the truth of the case, you should acquit the defendant." He contends that it "divested the minds of the jury of any right they had to consider the sanity or insanity at the time of the shooting of Mrs. McCoy, and left nothing for the jury to consider except as to whether or not the defendant killed the deceased." An examination of the entire charge shows that the court fully, fairly, and correctly instructed the jury on the defense of insanity and related it to the commission of the act. The court charged: "If you believe that he was then and there unable to know the difference between right and wrong as to the act he was committing, then I charge you it is your duty to acquit him." There is no merit in this assignment of error. *Taylor* v. *State,* 105 *Ga.* 746 (31 S. E. 764); *Rozier* v. *State,* 185 *Ga.* 317, 320 (195 S. E. 172).

■ The third special ground complains of the failure of the court to give a requested charge on the subject of insanity. It is conceded by counsel that the principles contained in the request were substantially covered in the charge given by the court. Where the principles requested are covered in the general charge to the jury, the judgment will not be reversed for refusal of the request. *Holton* v. *State,* 137 *Ga.* 86 (5) (72 S. E. 941); *Davis* v. *State,* 153 *Ga.* 669 (13) (113 S. E. 11).

■ Grounds 4 and 5 assign error on a recharge given in response to an inquiry by the jury on the matter of recommendation of mercy. The court instructed the jury that the matter of recommendation rests solely within the discretion, the wish or desire of the jury. In this there was no error. *Wheat* v. *State,* 187 *Ga.* 480 (3) (1 S. E. 2d, 1); *Taylor* v. *State,* supra.

■ Ground 6 is upon newly discovered evidence. It does not appear that this evidence would likely produce a different verdict. Applications for new trial on the ground of newly discovered evidence are addressed to the sound discretion of the trial judge, and a refusal to grant a new trial on that ground will not be reversed unless his discretion is abused. *Miller* v. *State,* 119 *Ga.* 561 (46 S. E. 838); *Bradford* v. *Brand,* 132 *Ga.* 642 (64 S. E. 688). The judge did not abuse his discretion in overruling this ground.

*Judgment affirmed. All the Justices concur.*