### 35421. GOINGS *v.* THE STATE.

CARLISLE, J. The defendant was charged with murdering her husband, Jack Goings, by stabbing him with a knife. On her trial she was found guilty of voluntary manslaughter. Her motion for a new trial, based on the usual general grounds and two special grounds, was denied, and she has brought the present writ of error to have that judgment reviewed.

1. Where grounds of a motion for new trial are not argued orally or in the brief of counsel for the plaintiff in error and are not generally insisted upon, such grounds will be treated by this court as having been abandoned. The general grounds and special ground 2 of the present motion for a new trial are so treated.

2. " 'The law of voluntary manslaughter may properly be given in charge to the jury on the trial of one indicted for murder, where, from the evidence or from the defendant's statement at the trial, there is anything deducible which would tend to show that he was guilty of voluntary manslaughter, or which would be sufficient to raise a doubt as to which of these grades of homicide was committed.' *Reeves* v. *State,* 22 *Ga. App.* 628 (97 S. E. 115); *Salter* v. *State,* 39 *Ga. App.* 13 (145 S. E. 918)." *Brown* v. *State,* 45 *Ga. App.* 359 (164 S. E. 466); *Little* v. *State,* 150 *Ga.* 728 (105 S. E. 359). Under an application of the foregoing principle of law to the facts of this case, the trial court did not err in charging the law of mutual combat as it relates to voluntary manslaughter. There was some evidence adduced upon the trial from which the jury might deduce that voluntary manslaughter was the crime committed, as there was evidence that the defendant and her husband were fighting at the time the fatal thrust or thrusts were made by the defendant; and the defendant, in her statement to the jury, said: "When he [her husband] grabbed me and went to beating me, I had a little pocket handkerchief and this little knife and a little chain all in my hand . . . and when he grabbed me and went to beating me, I opened this knife and I comes stabbing back like this, and through the wrangle I must have hit him up here, but I didn't mean to kill him, but I did mean to hit him to make him move."

The trial court did not err in denying the motion for a new trial for any reason assigned therein.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED DECEMBER 1, 1954.

*Rowland & Rowland,* for plaintiff in error.
*W. W. Larsen, Solicitor-General,* contra.