## 36723. HOWARD *v.* THE STATE.

DECIDED MAY 17, 1957.

*Fred T. Lanier, Robert S. Lanier*, for plaintiff in error.
*Walton Usher, Solicitor-General, Wm. J. Neville, W. G. Neville*, contra.

GARDNER, P. J. 1. We will deal with special grounds 1 and 2 together, since the facts on which these grounds are based are so interwoven it would not be practical to treat them separately. Special ground 1 assigns error as follows: "Because during the trial of said case the court, over objections by movant, permitted Stothard Deal, a witness for the State, to testify as follows: 'Then, Emory Gordon, that same afternoon is when he told me what he swore here on the stand about John asking the girl, he said *do you believe I'll kill you,* and she said *no,* [italics ours] and about that time he turned his back.' Movant contends that said material evidence was illegally admitted by the court to the jury and movant objected to the evidence as soon as and at the time it was offered and then and there urged before the court the following grounds of objection: Because the said evidence was a conversation between the sheriff and the star witness for the State, one Emory Gordon; that said evidence was hearsay, immaterial, and it was not shown that the statement alleged to have been made that afternoon by the said Emory Gordon to Stothard Deal was made in the presence of the defendant, John Howard." Special ground 2 reads: "Because the following material evidence was illegally admitted by the court to the jury, over the objection of movant, to wit: 'I testified before the grand jury in this case. I went before the grand jury in this case and swore before the grand jury the same thing I am swearing here today. I have been before the grand jury twice in this case and swore the same thing that I've sworn to today twice.' Said quoted testimony being the testimony of one Emory Gordon, a star witness for the State, and movant objected to the evidence as soon as and at the time it was offered, and urged before the court that said evidence was irrelevant and inadmissible for the reason that what was said by the witness before the grand jury had nothing to do with the trial of this case."

Special ground 1 concerns the testimony of Sheriff Deal regarding a witness for the State, Emory Gordon. It appears from a transcript of the record that Gordon made contradictory statements as to how the deceased was shot, one statement being to the effect that the deceased met her death from pistol shots while she and the accused were scrambling over the pistol, and the

other statement being made on the witness stand during the trial to the effect that the defendant shot Eddie Mae while she sat in the car and that the defendant was at the time of the shooting standing outside the car on the ground on the opposite side from where Eddie Mae was sitting. During the trial of the case and on cross-examination of the witness Gordon, counsel for the defendant asked the witness the following question and elicited the following answer: Q: "Well, did Mr. Stothard Deal make you change your testimony?" A: "No, sir." Q: "He didn't make you change your testimony and swear to what you are swearing in court today, did he?" A: "No, sir." It appears that the testimony of Sheriff Deal to which reference is made immediately hereinabove was given in rebuttal and in explanation of the contradictory statement as made to him by the witness Gordon, and Sheriff Deal further testified that the statement was made in the presence of the defendant. It would appear to us that the full testimony of Sheriff Deal was beneficial rather than harmful to the defendant for the reason that it helped to establish the impeachment of the State's witness Gordon.

It is contended that special ground 2 of the amended motion refers to an explanation which was given by Sheriff Deal for the making of the contradictory statements made by the State's witness Gordon. We can conceive of no harm resulting to the defendant therefrom. Special grounds 1 and 2 are not meritorious.

2. Special ground 3 assigns error as follows: "Because the following material evidence offered by movant was illegally withheld by the court from the jury against the demand of movant: A certain affidavit that the said Emory Gordon, witness for the State had testified that he signed freely and voluntarily and without the suggestion of anyone, which affidavit is as follows:

'Georgia, Bulloch County.

'Personally appeared before the undersigned Emory Gordon who on oath deposes and says that he was present on Sunday, May the 27th, 1956, when Eddie Mae Churchill, alias, Eddie Mae Bailey, alias Eddie Mae Howard, was killed, or received a wound from which she died. Deponent says that he was standing close to the automobile in which she was at the time she got

shot. Deponent says that just before the shooting she pulled a pistol out of her bosom in an effort to shoot John Howard and John Howard grabbed her hand to keep her from shooting him and the pistol went off at that time and at the time the pistol fired it was in the hand of Eddie Mae and John Howard was trying to keep her from shooting him.

'This June 11th, 1956.

'/s/ Emory Gordon

'Sworn to and subscribed to before me, this June 11, 1956.

/s/ Fred T. Lanier

(Seal) N.P. State of Large.'

"Movant offered said affidavit as an impeachment against the testimony of the said Emory Gordon who testified as a witness for the State in the trial of said case."

The record reveals that witness for the State Gordon admitted in his testimony on the trial of the case that he made the written statement and signed it freely and voluntarily; that in his testimony on the trial of the case he contradicted what was in the written statement. Since this was admitted to be true by the witness in his testimony it would seem that this would have greater weight in establishing his impeachment than would the statement which the trial court excluded. This special ground is without merit.

3. Special ground 4 assigns error because the court charged on the law of voluntary manslaughter under a murder indictment, under the facts of this case. In *Goings* v. *State*, 91 *Ga. App.* 146 (2) (85 S. E. 2d 98) this court held: " 'The law of voluntary manslaughter may properly be given in charge to the jury on the trial of one indicted for murder, where, from the evidence or from the defendant's statement at the trial, there is anything deducible which would tend to show that he was guilty of voluntary manslaughter, or which would be sufficient to raise a doubt as to which of these grades of homicide was committed. *Reeves* v. *State*, 22 *Ga. App.* 628 (97 S. E. 115) ; *Salter* v. *State*, 39 *Ga. App.* 13 (145 S. E. 918).' *Brown* v. *State*, 45 *Ga. App.* 359 (164 S. E. 466) ; *Little* v. *State*, 150 *Ga.* 728 (105 S. E. 359)." See also *Stubbs* v. *State*, 29 *Ga. App.* 193 (5) (114 S. E. 926). Under the facts of this case the following cases are not applica-

ble: *Jillson* v. *State*, 187 *Ga.* 119 (200 S. E. 707); *Plummer* v. *State*, 200 *Ga.* 641, 645 (38 S. E. 2d 411); *Waters* v. *State*, 83 *Ga. App.* 163 (63 S. E. 2d 264). This special ground is without merit.

4. Special ground 5 assigns error because the court charged the law of accident. The court was authorized, under the defendant's statement, to charge the law of accident. Moreover, the charge is most favorable to the defendant. Part of the defendant's statement reads: "I didn't know she had the pistol until she pulled it out. And I grabbed her by the arm and started to turn the pistol off to keep it from shooting me and so after I saw then that she was shot. . . That's the way it happened and I wouldn't had it to happen for nothing in the world if I could have helped it, because I wasn't even as much as mad with the girl." This ground is without merit.

5. As to the general grounds the evidence amply authorized the verdict.

The court did not err in denying the motion for new trial for any of the reasons assigned.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*