### 19800. THOMPSON *v.* THE STATE.

DUCKWORTH, Chief Justice. S. H. Thompson was indicted, tried, and convicted of murder, with a recommendation of mercy, in the Superior Court of Dougherty County. The accused shot and killed the deceased as he sat in his automobile in front of the duplex apartments of the defendant's daughter and former wife, who was legally divorced from him at that time. The evidence disclosed that the deceased was sitting in the car with his sister and the defendant's former wife at the time he was killed; that he was a married man; that he was a frequent visitor at the mother's and daughter's duplex apartments which adjoined; that the defendant and the deceased did not get along, having had several encounters, one of which resulted in a fight; that the defendant was jealous of attentions paid to his former wife by the deceased; and that the defendant had threatened to kill the deceased if he did not stay away from his family. The defendant did not submit any evidence, but he made an unsworn statement in which he gave his marital and family difficulties over a long period of years, resulting from the separation and divorce of his wife, and the marital difficulties of a married daughter who contracted polio and was crippled, and whose husband was later killed in a wreck; his attempts at reconciliation and to make a home for his

former wife, crippled daughter and family, and the interference of the deceased, whom he alleged to be a paramour of his wife, having found them together under suspicious circumstances on more than one occasion; his warnings to the deceased to leave his family alone; his former wife's statement to him that what the crippled daughter needed was a man to go to bed with her, and that she was of a "good mind to get Tom (the deceased) to go to bed with her"; and his version of the killing, which was that he caught him again at his home, and knowing that he (the accused) was an older and smaller man, and having already been choked by the deceased on another occasion, he knew if the deceased ever got hold of him he would kill him, so he shot the deceased "to keep him from getting hold of me." The former wife denied the alleged illicit relations with the deceased, and, in rebuttal, any intention of having the deceased go to bed with the crippled daughter, or that she had made any such statement, although she admitted that the deceased was a frequent visitor in her apartment. The wife of the deceased testified in rebuttal that she had been called on the telephone by the accused and advised of the illicit relations the deceased was having with the defendant's former wife, and that he had threatened to kill her husband. A motion for new trial with an amendment containing five special grounds was denied after a hearing, and the exception is to this judgment. *Held:*

1. The first, second and third amended grounds of the motion complain of the refusal of the court to charge the provision of Code § 26-1015 as to the mutual protection of parent and children in justifying the defense of person and reputation, and that, if the defendant, in good faith, believed it was necessary to act to avert impending and threatened debauchery of his daughter, or that he had reasonable grounds to believe his daughter was to be debauched by the deceased, he would have had the right to take such steps as necessary to prevent such debauchery. Neither the evidence nor the unsworn statement of the accused, if taken literally as true and considered as evidence, presented a situation showing the imminent and impending debauchery of the daughter, such that the accused would have been justified in shooting the deceased to prevent it. *Holton* v. *State,* 137 *Ga.* 86 (4) (72 S. E. 949); *Clark* v. *State,* 142 *Ga.* 601 (5) (83 S. E. 223); *Kitchens* v. *State,* 143 *Ga.* 290 (1) (84 S. E. 966); *Groves* v. *State,* 175 *Ga.* 37 (1)

(164 S. E. 822); *Ingram* v. *State,* 204 *Ga.* 164, 183 (48 S. E. 2d 891). These grounds are without merit.

2. The fourth amended ground excepts to the refusal to charge sections of the Code relating to self-defense and Code § 26-1016, which refers to all other instances that stand upon the same footing of reason and justice as those enumerated as being justifiable homicide. The court fully charged on justifiable homicide as pertaining to the evidence and the defendant's statement, and neither the evidence nor his statement authorized the charge on Code § 26-1016 as requested. *Holton* v. *State,* 137 *Ga.* 86 (4), supra; *Brooks* v. *State,* 150 *Ga.* 732 (1) (105 S. E. 362). This ground is without merit.

3. The fifth special ground excepts to the court's failure to instruct the jury that, in considering the proposition of whether or not the defendant acted based upon reasonable fears, they would have been authorized to have taken into consideration the disparity in strength and size of the defendant and the deceased. The only intimation of such disparity is created by the defendant's unsworn statement, and there is no evidence in the record that the deceased had ever attacked the accused such that he would be put in fear of his life on another encounter with the deceased. Further, the evidence fails to disclose that the deceased was making an attack upon the accused, but on the contrary shows an attack with a deadly weapon by the accused, and only the defendant's statement intimates that he was put in fear of his life. For this reason *Strickland* v. *State,* 98 *Ga.* 84 (25 S. E. 908), has no application to this case, and there being no request to charge as complained of above, the court did not err in failing to charge on the disparity of size and strength between the accused and the deceased. This ground is without merit.

4. The evidence was sufficient to support the verdict, and the general grounds are without merit. For all the foregoing reasons, the court did not err in denying the motion for new trial as amended.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 9, 1957—DECIDED OCTOBER 11, 1957.

*D. C. Campbell, Jr., H. G. Rawls,* for plaintiff in error.
*Maston O'Neal, Solicitor-General, J. Neely Peacock, Eugene*

*Cook, Attorney-General, J. R. Parham, Assistant Attorney-General,* contra.