BURDEN *v.* THE STATE.

No. 11042. JUNE 12, 1936.

*Norman E. English* and *J. M. Hancock,* for plaintiff in error.
*M. J. Yeomans, attorney-general, Charles H. Garrett, solicitor-general, Dave M. Parker,* and *E. J. Clower,* contra.

ATKINSON, Justice. A married woman was lying asleep about dawn, in a bed near a glass window, between her two sisters, in the home of their mother. A shotgun was fired from without through the window. The load passed over the woman nearest the window. Some of the shot entered the ear of the married woman while the main load penetrated the head of the woman farthest from the window, causing her death. The murdered woman resided in New York, but was at the home of her mother on a short visit, intending to return to her own home on the following day. The husband of the married woman, placed on trial for the murder, was convicted and sentenced to be electrocuted. The exception is to a judgment overruling his motion for new trial.

1. The court admitted evidence as to assaults by the defendant

upon his wife, one of them committed eleven months previously and another on Wednesday night before the homicide committed on Saturday morning. This evidence was not objectionable as irrelevant and immaterial, when considered in connection with other evidence that the three women were lying in the same bed in the position indicated above at the time of the tragedy. When so considered, the evidence tended to show motive, and to identify the defendant as perpetrator of the crime. *Cawthon* v. *State,* 119 *Ga.* 395 (5) (46 S. E. 897); *Frank* v. *State,* 141 *Ga.* 243 (80 S. E. 1016); *Williams* v. *State,* 152 *Ga.* 498 (110 S. E. 286).

2. The court admitted evidence as to a threat by the defendant, eleven months before the homicide, "to kill the whole damn family if it was the last thing he ever did." The threat was made at the home of one of the three sisters, pending an assault upon the defendant's wife and her younger sister not heretofore mentioned. The deceased was not present, but was at her home in New York, and had seen the defendant but once before. (*a*) The threat to kill the whole family was broad enough to include the person actually killed. The defendant's wife being wounded by the same shot that produced the homicide, the motive which led to the killing may have been connected with the shooting of the defendant's wife. *Woolfolk* v. *State,* 85 *Ga.* 69 (17) (11 S. E. 814); *Howell* v. *State,* 162 *Ga.* 14 (4) (134 S. E. 59); 16 C. J. 545, § 1041; 21 Cyc. 922 and cit. (*b*) The evidence as to threat was not inadmissible, as contended, on the ground of remoteness of time (*Everett* v. *State,* 62 *Ga.* 65), or absence of the deceased at the time of the threat, or the want of contact between the parties. (*c*) The evidence tended to show motive and to identify the defendant as the perpetrator of the crime, and consequently it was admissible as relevant and material, the weight to be determined by the jury.

3. If the testimony of certain of the witnesses delivering the evidence dealt with above was not in rebuttal of evidence offered by defendant or of his statement before the jury, it was within the discretion of the judge to allow introduction of such evidence after defendant closed. *Hoskins* v. *State,* 11 *Ga.* 92 (3); *White* v. *State,* 100 *Ga.* 659 (4) (28 S. E. 423); *Dixon* v. *State,* 116 *Ga.* 346 (5) (42 S. E. 357).

4. On objection by defendant to evidence offered by the State,

the. court remarked: "Well, I think anything the defendant said, if it is offered by the State, that throws any light on the issues, would be admissible, and I overrule the objection." This remark was not cause for reversal on the ground that it was an expression of opinion by the court as to the value of the evidence. The criticism was directed particularly at the phrase "that throws any light," it being contended that this language "was a positive and unequivocal assumption that it was the truth."

5. The evidence was sufficient to support the verdict, and the judge did not abuse his discretion in refusing a new trial.

*Judgment affirmed. All the Justices concur.*