1. A charge to the jury on circumstantial evidence is required only when the case is wholly dependent thereon. Nobles v. State, 127 Ga. 212 (5) (56 S.E. 125); Hegwood v. State, 138 Ga. 274 (75 S.E. 138); Brannon v. State, 140 Ga. 787 (7), 788 (80 S.E. 7); Clark v. State, 142 Ga. 601 (4), 602 (83 S.E. 223); Hicks v. State, 146 Ga. 221 (4) (91 S.E. 57).
2. That the charge omits an instruction as to the weight to be given to confessions (Code, § 38-420) is not cause for new trial, in the absence of a request therefor. Walker v. State, 118 Ga. 34 (3) (44 S.E. 850); Roberson v. State, 135 Ga. 654 (70 S.E. 175); Lindsay v. State, *Page 504 
 138 Ga. 818 (6) (76 S.E. 369); Smith v. State, 139 Ga. 230
(2) (76 S.E. 1016); Millen v. State, 175 Ga. 283
(4) (165 S.E. 226).
The special grounds of the motion being without merit, and the verdict supported by the evidence, and having received the approval of the judge, the judgment refusing the new trial is
Affirmed. All the Justices concur.
 No. 14603. SEPTEMBER 9, 1943.
Robert Williams was indicted for the murder of Zennie Lee Holland Williams. They were husband and wife, but had separated. On the night of the killing the deceased was at the home of her uncle. After she and her aunt had gone to bed, a fire started in the basement of the house. They got out of bed and went down to put out the fire. The deceased was throwing the burning sacks from under the house. The aunt testified that while standing near by, she heard a gun fire. She heard the deceased cry out, "Oh, Robert." The witness did not see the defendant, but concluded from what the deceased said that it was Robert Williams, the defendant; for she said that the defendant and deceased had separated, she having told the witness that he stabbed and beat her. The sheriff and a bailiff testified that upon arresting the defendant he voluntarily confessed to them that he shot his wife, and told them where he got the gun and where to find it, and took them to where he had thrown it after the shooting, and found it for them.
The accused made the following statement on the trial: "Well, that week before she left my house, she wanted me to move from Mr. Herbert Fordham's to town, and I refused to do it. The next morning Mr. Walter Fordham's boy came to get me to help him shuck and shell some corn, and I went and helped him shuck and shell some corn, and Mr. Herbert said he wouldn't need me that afternoon, that he was going to Rentz. When I got home that evening she was gone, and she took her clothes and $29 I had saved up in a suit-case. I got Mr. Fordham to take me to her mother's, to see her, and her mother said she hadn't seen her; and I went to her uncle's, and she was there, and I went in and talked to her uncle a few minutes, and I said I wanted to see her, and he called her, and I asked her about the money and she said she left it at home. But it wasn't there. And I asked her about my dog, and *Page 505 
she said it was out doors, and I talked to her again about the money, and she still wouldn't give me any satisfaction. I worked the next week, and that Saturday I left Mr. Herbert Fordham's and went home and stayed until Sunday. It had been worrying me. I went to Mr. Allgood's and bought me a pint of liquor, and drank it to get it off of my mind. I went to Mr. Fordham's and borrowed his gun and got one shell, and she was going out to the well, and I shot and throwed the gun down and was coming on toward town."
He was convicted, without a recommendation. He moved for a new trial, on the general grounds, and on two grounds as follows: (1) "The court erred in failing to charge the jury without request that all admissions should be scanned with care, and all confessions of guilt should be received with great caution. A confession alone, uncorroborated by other evidence, will not justify a conviction." (2) "The court omitted to charge the jury that to warrant a conviction on circumstantial evidence, the proved facts must not only be consistent with the hypothesis of guilt, but must exclude every reasonable hypothesis save that of the guilt of the accused; the error assigned being that the State relied for conviction on circumstantial evidence and confessions made by the defendant while under arrest." To the overruling of his motion the defendant excepted.