24168. SMITH, Administrator v. SMITH.

ALMAND, Presiding Justice. This is the second appearance of this case before this court. In 222 Ga. 694, a new trial was granted by reason of errors occurring on the trial.

Henry Smith, as administrator of his father's estate, in his suit against his brother, Roscoe Smith, sought to set aside a deed purported to have been made by the intestate father conveying certain described real estate to the defendant and to recover mesne profits therefrom on the ground that the grantor was mentally incapable of making a deed at the time of its execution. At the February, 1967, term of Atkinson Superior Court the case was tried with the jury returning a verdict in favor of the defendant on February 21st. A decree was entered upon the verdict on March 6, 1967. Notice of appeal from said decree was given and error is enumerated on eight grounds. All of the grounds relate to alleged errors occurring during the trial or subsequent to the verdict. *Held:*

1. The first ground asserts that the decree is void because it recites that the verdict was rendered on the date of the decree, March 6, 1967, when in fact the verdict was returned on February 21, 1967. The erroneous recitation in the decree as to the date when the verdict was rendered does not vitiate the decree in that both were entered during term time. This assignment of error is without merit.

2. The plaintiff tendered into evidence a certified copy of a lunacy commission petition brought in the Court of Ordinary in Atkinson County against plaintiff's intestate. The court, upon defendant's objection, refused to admit this document unless the entire record in said lunacy proceeding was offered in evidence. This ruling was not erroneous. *Joiner v. Southern Land Sales Corp.,* 158 Ga. 752 (10) (124 SE 518).

3. Upon objection by the defendant, the court refused to permit a witness for the defendant to answer on cross examination

the following question: "If the doctor said that during the time Mr. Smith was out there, or prior to the time he was out there, that Mr. Smith's mind was bad, you wouldn't argue with that, would you?" The action of the court did not deprive plaintiff's counsel of the right to a thorough and sifting cross examination.

4. It was not error to permit a witness for the defendant to testify that a certain deed was executed on a date other than the date stated in the deed over plaintiff's objection that a written instrument can not be altered by oral testimony. Parol evidence is admissible to prove a mistake in a deed. *Code* § 38-510.

5. The court properly permitted a witness, who was the attorney for the intestate in the preparation and execution of a certain deed, to testify as to the circumstances in which the deed was executed by the intestate, and plaintiff's contention that the witness was not competent to testify about such transactions with the intestate is without merit. Furthermore, even if it is conceded that plaintiff's contention was valid, on cross examination plaintiff's counsel elicited substantially the same testimony from the witness. *Rabun v. Wynn*, 209 Ga. 80 (7) (70 SE2d 745); *Smaha v. George*, 195 Ga. 412 (5) (24 SE2d 385); *Lee v. Holman*, 184 Ga. 694 (5) (193 SE 68).

6. The sixth enumeration of error is that the court erred in refusing to allow plaintiff's counsel to cross examine the defendant as to his testimony given in a prior divorce trial for the purpose of impeaching the defendant. As required by *Code* § 38-1803, the proper foundation was not laid for the introduction of this testimony. *Estill v. Citizens & Southern Bank*, 153 Ga. 618 (7) (113 SE 552); *Durham v. State*, 138 Ga. 817 (76 SE 351); *Andrews v. State*, 118 Ga. 1 (5) (43 SE 852).

7. A statement by counsel that "I object" or "that is immaterial and irrelevant," upon a question being asked by opposing counsel or upon an answer being made by a witness, is insufficient to base an assignment of error on, and for that reason grounds 7 and 8 of the appeal cannot be reviewed. *Altman v. Strouse*, 210 Ga. 282 (2) (79 SE2d 801); *Wimberly v. Toney*, 175 Ga. 416 (6) (165 SE 257).

Finding no error in the trial of the case and no contention being

made that the verdict is contrary to the evidence, the judgment of the trial court is

*Affirmed. All the Justices concur.*

SUBMITTED JULY 10, 1967—DECIDED SEPTEMBER 8, 1967.

*Helms & Dismukes, Jack J. Helms, L. E. Pedrick,* for appellant.

*Vickers Neugent, Sumner & Boatright, Robert B. Sumner,* for appellee.