25157. GASKINS v. McCRANIE TIMBER COMPANY et al.

ARGUED APRIL 15, 1969—DECIDED MAY 8, 1969.

*Fred T. Allen, E. R. Smith, Sr.,* for appellant.
*Vickers Neugent,* for appellees.

GRICE, Justice. This review involves a dispute over the location of the boundary dividing the property of the plaintiff from that of the defendants, which adjoins on the north. The litigation is between John H. Gaskins, whose land lies in land lot number 479 in the fifth land district of Atkinson County, and three named parties, doing business as McCranie Timber Company, who as tenants in common own adjoining land in lot 442 in that land district.

In his complaint filed in the Superior Court of Atkinson County, the plaintiff, insofar as necessary to recite, set forth his contentions as to the location of his property, particularly its north boundary line, and his possession of the disputed area, and sought injunctive relief against the cutting of timber therefrom by the defendants.

The defendants, in their answer and cross action as amended, denied the essential allegations of the plaintiff's complaint. They alleged, in essential part, their contention as to the line dividing said properties and their possession of the area in question, and prayed that the court adjudge the common boundary in stated particulars and enjoin the plaintiff from trespassing and interfering with the defendant as to the harvesting of trees and timber north of said alleged boundary.

Upon the trial considerable oral testimony and documentary evidence was introduced. The jury returned a verdict in favor of the defendants and in favor of an injunction against the plaintiffs.

Thereupon the court entered judgment enjoining the plaintiff from trespassing north of the line as contended for by the defendants and from interfering with the harvesting of timber therefrom.

The plaintiff appeals from such judgment and specifies eleven enumerations of error.

■ Several of these enumerations turn upon the basic issue in the case, the location of the line dividing lots 442 and 479 in the fifth land district of Atkinson County as originally laid out. The contentions of the parties as to this issue were quite diverse, and the evidence bearing upon it was in sharp conflict. From the testimony and documents submitted by the defendants the

jury was authorized to find that the boundary line contended for by them in their amended answer and cross action was the correct one. From such evidence the jury was also authorized to find that the defendants, not the plaintiff, had been for many years in possession of the land so bounded.

Accordingly, there is no merit in the enumerations urging in essence as follows: That the verdict and judgment are contrary to law and evidence and without evidence to support them; that a verdict for the plaintiff was demanded because the undisputed evidence showed that the plaintiff had been in adverse possession to the line claimed by him for more than seven years; that the evidence demanded a verdict for the plaintiff as to his original north line; that the defendants' contention as to their adverse possession is contrary to the evidence and without evidence to support it; and that the final judgment set up a line which is not the true original line according to the original survey upon which the defendants rely and by which they are bound.

■ Several other enumerations relate to a plat attached to an amendment to the defendants' answer and cross action.

(a) One such enumeration complains that the court erred in denying the plaintiff's motion to strike such plat from the defendants' amendment. The objection was that this was an attempt by the defendants to plead their evidence. This complaint is not justified. The plat merely provided the defendants' contentions as to the extent of their property, particularly the boundary line in dispute.

(b) The appellant maintains in another enumeration that the court erred in failing to instruct the jury that this plat was not evidence and was not to be considered as evidence by them, as the trial judge had stated that he would charge when he denied the motion to strike. This position is not supported by the record. Immediately after reciting verbatim the paragraph of the defendants' amended answer and cross action which expressly referred to such plat, the judge charged the jury as follows: "Now these papers that I have just read to you are the pleadings in the case. They are not evidence and are not to be considered as evidence by you. . ."

(c) Another enumeration is, in substance, that the court should not have allowed two of the defendants' witnesses to testify concerning this plat, which was not allowed in evidence. They urge that the plat, for a number of specified reasons, did not meet the requirements of law, and that therefore all oral testimony adduced from it was inadmissible. It is not necessary to pass upon these objections to the evidence relating to this plat. What is controlling here is that after the defendants' witnesses gave their testimony as to the circumstances of the making of the plat and made reference to some of its features, the plaintiff's counsel "on cross examination of [these witnesses] and with full knowledge of the character of the evidence to be expected, elicited substantially the same testimony." *Rabun v. Wynn,* 209 Ga. 80 (7) (70 SE2d 745). See also, *Lee v. Holman,* 184 Ga. 694, 697 (193 SE 68); *Smith v. Smith,* 223 Ga. 560, 561 (156 SE2d 901). Therefore, this enumeration is not valid.

■ The appellant contends in one of his enumerations that the defendants, appellees here, cannot recover because they alleged in their pleadings the contents of the original record of survey of 1820, showing a certain line as dividing the two lots in question, and that they were bound thereby and could not later show a different line. This contention is not meritorious. The enumeration does not point out how or in what manner the defendants sought to show a different line. If the plaintiff had in mind the deletion of Paragraph J of the defendants' answer and cross action and the substitution therefor, attaching the plat referred to in Division 2, supra, this was not such an attempt, but was merely elaboration by providing descriptive averments of their contention that the location urged by them was that indicated by the original record of survey. We find no attempt by the defendants to show a different line from that in such original survey.

■ One enumeration urges that the court was in error in failing to properly charge the jury as to the three forms of verdicts provided by law in such cases, in not giving to them the forms of these three verdicts and the import and meaning of each. Appellant argues that the trial court should have charged more fully on the subject of a third verdict as follows: "Where in

their opinion, the evidence is equally balanced on each side, where the jury believes the witnesses on each side equally credible, where the jury believes the evidence is as strong on the one side as on the other, then the preponderance of the evidence would not be carried; and, in such case, it would be the duty of the jury to return a verdict in favor of the defendants, 'and this would mean that the parties would be left in the same position as they were before the suit was entered,' or words to this effect."

This enumeration cannot be sustained.

No timely written request for such charge was made.

In the original charge the court outlined the contentions of the parties as made by the complaint and by the answer and cross action, and after treating preponderance of the evidence, gave in charge the following language: "Where, in the opinion of the jury, the evidence is equally balanced on each side, where the jury believes the witnesses on each side equally credible, where the jury believes the evidence is as strong on the one side as on the other, then a preponderance of the evidence would not be carried; and, in such case, it would be the duty of the jury to return a verdict in favor of the defendant." The court also charged that "The burden of proof generally lies upon the party asserting or affirming a fact, and to the existence of whose case or defense the proof of such fact is essential."

In a re-charge, after counsel for the plaintiff requested that the court charge as to the burden of proof on the defendants' cross action, the court included the following: that the burden of proof would be on the defendants to prove their case on the cross action by a preponderance of the evidence; that if the jury did not find for a permanent injunction for either party, it would not find for the plaintiff but for the defendants, giving the form of that verdict; and that such verdict would mean that there would not be a permanent injunction against either party.

The foregoing was a sufficient charge as to the matter complained of. See *Barnes v. Barnes*, 224 Ga. 92, 96 (160 SE2d 391).

■ Also enumerated as error is the admission in evidence of "an alleged aerial survey or photograph, presumably, but not

285

proven, to have been made by the United States government," the admission in evidence of all testimony of a witness concerning the same, and permitting this witness to make certain markings on it. This enumeration cannot be considered. It does not identify the particular aerial photograph complained of, although four such photographs were introduced in evidence and made a part of the record. It is thus impossible to ascertain which of these photographs appellant is now complaining of, and therefore no determination can be made as to this enumeration of error.

The judgment of the trial court is

*Affirmed. All the Justices concur.*