44319, 44320. SMITH et al. v. SMITH; and vice versa.

JORDAN, Presiding Judge. Previous litigation concerning the deed herein involved is reported in *Smith v. Smith,* 221 Ga. 619 (146 SE2d 721); s.c. 222 Ga. 694 (152 SE2d 560) and 223 Ga. 560 (156 SE2d 901).

The grantor, Manning G. Smith, reserving unto himself a life estate, and to his wife a life estate in the use of a dwelling house, conveyed to his son, Roscoe Smith, a tract of land, providing further "That upon the death of grantor, and within one calendar year thereafter, that the grantee herein, Roscoe Smith, pay to each of the following named children, or their legal representatives, the sum of $875 each, to-wit: Hoke

Smith, Daisy Smith Stone, Jesse Smith, Rufus Smith, Ola Smith Stone, Henry Smith and Betty Smith, and a like sum of $875 to my wife Rhoda Goff Smith. Upon the making of a lawful tender of said money to each of said parties, and in the event that either of said persons should refuse to accept said money within sixty days after tender is made, and the same then paid into the registry of the Superior Court of Atkinson County, Georgia, at the expiration of said sixty days said sum shall be refunded to Roscoe Smith and the person refusing to accept said sum shall not have any claim or demand or right in any respect hereunder."

The beneficiaries, except Hoke Smith and Daisy Smith Stone, filed a complaint against the grantee on December 16, 1967, each claiming $875, alleging that the grantor died on October 4, 1964, that from December 8, 1964, until about August 1, 1967, the deed was the subject of litigation between the administrator of the estate and the grantee, which terminated favorably to the grantee, that the litigation had the effect of tolling the terms and conditions of the deed, and that since the termination of the litigation they have requested payment to each of $875, but were advised by the grantee, through his attorney, that he does not intend to make payment without a court order to do so.

The plaintiffs, in a joint affidavit, swore that the defendant did not at any time prior to December 8, 1964, or after August 1, 1967, offer to pay any of them $875 as provided in the deed. The defendant, in a counter-affidavit, swore that on March 16, 1965, he tendered $875 to Henry Smith, which he refused, that on July 21, 1965, he tendered $875 to Rufus Smith, Betty Smith Morgan, and Ola Smith Stone, which each of them refused, that on September 25, 1965, he tendered $875 to Rhoda Goff Smith and Jesse Smith, which each of them refused, and that in each instance he paid the money into the registry of the court where it was held for the beneficiary for the time provided in the deed. He also shows that Daisy Smith Stone and Hoke Smith accepted the sums tendered them as provided in the deed. Incorporated by reference are copies of notices which he states he served on each of the plaintiffs, showing the tender and deposit in the registry of the court, the originals of which he states are on file in the office of the clerk.

The plaintiffs appeal from a final order which includes, among

other things, the overruling of their motion for summary judgment, and the sustaining of a motion to dismiss the complaint for failure to state a claim against the defendant. The defendant cross appeals from the same order on rulings adverse to him in regard to a cross action and other matters. *Held:*

1. We think the court properly overruled the plaintiffs' motion for summary judgment and properly sustained the defendant's motion for failure to state a claim upon which relief can be granted. Under § 12 (b) of the CPA (Ga. L. 1966, pp. 609, 623; *Code Ann.* § 81A-112 (b)) if "matters outside the pleading are presented to and not excluded by the court, the motion [to dismiss for failure to state a claim] shall be treated as one for summary judgment." Here, in ruling on the plaintiffs' motion for summary judgment and in thereafter ruling on the defendant's motion to dismiss for failure to state a claim, the court had in the record for consideration the facts shown by the plaintiffs' affidavit and the defendant's counter-affidavit, thus creating a situation requiring disposition of the motion to dismiss as if it were a motion by the defendant for summary judgment. The facts shown by the affidavits are undisputed and reveal, without material conflict, that although the defendant may have failed to tender payment to the third-party beneficiaries under the deed before the administrator commenced litigation attacking the deed, he did make a proper tender within the period stipulated in the deed, which each of the plaintiffs refused to accept. Counsel for the plaintiffs cites no controlling authority, and we are aware of none, to the effect that the litigation by the administrator, absent any enforceable agreement or court order, tolled the time limitations of the condition subsequent in the deed for the benefit of the plaintiffs, as third-party beneficiaries. Having failed to claim the sum due them when properly and timely tendered, and having allowed the specified time of acceptance to expire, they have no cause for complaint.

2. The plaintiffs move to dismiss the cross appeal. The defendant's cross appeal is subject to dismissal for failure to file an enumeration of error within the time allowed.

*Judgment affirmed on the main appeal; cross appeal dismissed. Hall and Whitman, JJ., concur.*

Submitted March 5, 1969—Decided June 17, 1969.

*Jack J. Helms,* for appellants.