25382. MITCHELL v. THE STATE.

ARGUED SEPTEMBER 10, 1969—DECIDED SEPTEMBER 29, 1969—
REHEARING DENIED NOVEMBER 6, 1969.

*Charles M. Clayton*, for appellant.

*Richard Bell, District Attorney, Eugene Highsmith, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Mathew Robins, Assistant Attorneys General*, for appellee.

NICHOLS, Justice. The defendant was jointly indicted with James Henry Walker for the offense of rape but tried separately. The jury found him guilty without a recommendation of mercy and he received the death sentence. Thereafter his motion for new trial was overruled and the present appeal filed.

■ The defendant's first trial resulted in a mistrial and before the second trial a written motion was filed seeking to have the indictment quashed and evidence of waivers and statements made by the defendant suppressed because the defendant was not represented by counsel at a line-up and commitment hearing, was not advised of his right to counsel and the evidence of his identification by the victim was inadmissible. On the call

of the case counsel for the defendant abandoned all the contentions except that the indictment should be quashed because the defendant was not represented by counsel at a line-up and commitment hearing.

While under the decision of United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149), courtroom identification is strictly regulated where the witness has previously identified the prisoner in a line-up at a time when the prisoner is not represented by counsel, yet it affords no grounds for quashing the indictment. An indictment may be quashed only for matters appearing on its face. See *Millhollan v. State*, 221 Ga. 165 (1) (143 SE2d 730). Accordingly, enumerations of error 1 and 2 are without merit.

■ The third enumeration of error complains that Negroes were systematically excluded from the jury and that jurors who merely generally stated an opposition to capital punishment were excluded.

No juror was excluded who merely expressed a general opposition to capital punishment but only those who expressed an opinion that their opposition to capital punishment would prevent them from rendering an impartial verdict on the issue of the defendant's guilt. It was not error to exclude these jurors. See *Furman v. State*, 225 Ga. 253 (1) (167 SE2d 628).

No question as to "make-up" of the jury was presented until after verdict and in fact until the appeal was filed in this court (*Jones v. State*, 224 Ga. 283 (8) (161 SE2d 302); and citations), since such question was not timely raised.

The fourth enumeration of error complains that the trial court erred in not giving defense counsel sufficient time to prepare for trial. No request of counsel for a continuance appears in the record or any ruling by the trial court. Accordingly, no question for decision is presented by this enumeration of error.

■ An enumeration of error which complains of the admission of evidence on the trial of a case does not present any question for consideration where no objection was made in the trial court to the admission of such evidence. See *Gunter v. State*, 223 Ga. 290, 293 (154 SE2d 608); *Washington v. Dutton*, 223 Ga. 277 (154 SE2d 441). Accordingly, the sixth enumeration of error

which complains of the admission of testimony presents nothing for review inasmuch as no objection was made to such evidence on the trial of the case.

■ The trial court charged the jury that in order to corroborate the victim's testimony a medical report or a doctor's report need not be submitted to the jury. While there has been a division among this court as to the necessity of corroboration of the victim's testimony (see *Jones v. State*, 222 Ga. 601 (150 SE2d 924); *Stevens v. State*, 222 Ga. 603 (151 SE2d 127)), yet under no decision of this court or any statutory enactment has there been any requirement that such corroboration consist of expert medical testimony. The eighth enumeration of error is without merit.

■ The fifth and seventh enumerations of error relate to sufficiency of the evidence. The evidence showed that the defendant, together with three others, raped the victim after one of them had taken the victim and her husband captive at gunpoint, driven their pick-up truck from the intersection of Boulevard Drive and Second Avenue into an alley and forced the victim out of the truck and into an abandoned building where the victim's underclothes and shoes were removed from her person and the crime completed. The defendant was the fourth of the four to rape the victim and upon completion of the crime took her outside the building where he lit a cigarette. A light on a nearby porch also furnished illumination which gave her an opportunity to see his face so as to enable her later to identify him. She broke away from the defendant and immediately ran from the scene and sought help from the police whom she immediately told of her having been raped. Her underclothes were later found in the abandoned building by the police. The defendant in his unsworn statement, as well as in testimony given on the trial of the co-indictee freely admitted his presence in the alley but denied that he participated in the rape. In his unsworn statement he insisted that he merely talked to the victim's husband while standing by the truck, asked him for a cigarette and money to get something to drink. He further stated that others took money from the victim's husband when, after being asked for, he denied having any, and that when the

victim came out there hollering he got scared and ran home. The evidence authorized the verdict.

*Judgment affirmed. All the Justices concur.*