25381.  HAKALA v. THE STATE.

ARGUED SEPTEMBER 8, 1969—DECIDED OCTOBER 8, 1969.

*John J. Sullivan*, for appellant.

*Andrew J. Ryan, Jr., District Attorney, Tom Edenfield, Andrew J. Ryan, III, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Courtney Wilder Stanton, Assistant Attorneys General*, for appellee.

MOBLEY, Presiding Justice.  This appellant was convicted of murder with recommendation of mercy.  He appealed from the judgment of the trial court denying his motion for new trial, as amended.  Enumerated as error are the general and four special grounds of the motion for new trial.

■ It was not error for the court to excuse one venireman expressing conscientious objection to capital punishment, who answered in the affirmative when asked, "Is your feeling toward capital punishment such that you would never vote to impose the death penalty regardless of the facts in the case?" The transcript does not quote the answer, but notes that the court received an affirmative answer from the juror to the question. See *Whisman v. State*, 224 Ga. 793 (164 SE2d 719), where this court, in a full bench decision, held that under Witherspoon v. Illinois, 391 U. S. 510 (88 SC 1770, 20 LE2d 776), it was not error to exclude the prospective juror where he answered that regardless of the facts, he would never vote to impose the death penalty.

■ The next question presented is whether the appellant was tried within the second term after demand for trial, as required by Ga. L. 1952, pp. 299, 300 (*Code Ann.* §§ 27-1901.1 and 27-1901.2), the latter section providing in part: "If more than two regular terms of court are convened and adjourned after the term at which the demand is filed and the defendant is not given a trial, then he shall be absolutely discharged and acquitted of the offense charged in the indictment: Provided, that at both terms there were juries empaneled and qualified to try the defendant: and Provided, further, the defendant was present in court announcing ready for trial and requesting a trial on said indictment."

The appellant made a demand for trial at the March Term. At the next term (June) of court he was tried and there was a mistrial, and then in the next term (September) he was tried and convicted, from which judgment this appeal was taken. More than two regular terms of the court were not convened and adjourned after the term at which the demand was filed without the appellant having a trial; thus his plea of *autrefois acquit* is without merit.

Furthermore, there is no evidence that the appellant was present in court at each term announcing ready and requesting a trial at that term, which conditions this court in *Dennis v. Grimes*, 216 Ga. 671 (3) (118 SE2d 823), held must be complied with for him to be discharged and acquitted.

■ The third enumeration of error alleges that the appellant was denied a speedy trial as required by the Sixth Amendment of the United States Constitution (*Code* § 1-806). His wife was killed on December 18, 1967. He was indicted for her murder on January 16, 1968. He was first tried in August, 1968, which resulted in a mistrial. He was next tried and convicted in November, 1968. During this period of time he was also indicted and tried for the murder of a victim of the automobile accident in which the appellant's automobile was involved, and after which it was discovered that his wife had been shot. He was found guilty of involuntary manslaughter in the commission of an unlawful act in that case, and was under a sentence of confinement from May 24, 1968. The facts do not establish that the appellant was denied a speedy trial.

■ Enumerated as error is the failure of the court to charge the law of assault with intent to murder. It is asserted that after charging, "I charge you if you find that such wound was not mortal and that death resulted from other causes, the defendant would not be guilty," he should have added: "however, . . . should they find that the movant had inflicted the wound but the defendant [deceased?] did not die from said wound, the movant would be guilty of assault with intent to murder . . ."

Briefly, the evidence in the case is that: At 5:00 p.m. the victim left her place of employment, and at about 5:07 p.m. the police department received a call to go to the place of a three-vehicle collision at the intersection of two streets. The appellant was found sitting under the steering wheel of one of the cars with his wife sitting up on the right side of the front seat leaning against the window. Her face was bloody. The appellant refused to let her be moved into an ambulance, but picked her up himself and placed her in the ambulance. Before they left, a police officer discovered her handbag on the right-hand front floorboard of the automobile, and a nine-shot, .22 caliber revolver, with eight unspent cartridges, and one shell of a spent cartridge. The revolver was bloody. At the hospital she was pronounced dead, and a bullet-entrance wound below her left ear was discovered.

632

An autopsy was performed by a pathologist of the hospital, and he discovered a small caliber bullet in the atlas of the victim's neck, impinging upon her spinal cord. He testified: "From its position I should judge that it caused compression of the spinal cord and shock leading to death," and further testified that she had inflammation of the tubes leading to the lungs, pneumonia, a mild degree of emphysema, and other troubles, none of which was significant in her death. The pathologist testified that he would say that beyond a reasonable doubt she died from the gunshot wound, but that he seldom ever would use the term beyond "a shadow of a doubt." He testified unequivocally that the gunshot wound, in his opinion, caused her death.

There were powder burns on the victim's face showing that she was shot at 1 to 2-inch range. The victim was right-handed. The pathologist also testified that the bullet appeared to travel in a straight path.

There is no evidence that the deceased did not die from the gunshot wound, and the court properly refused to charge on assault with intent to murder.

*Judgment affirmed. All the Justices concur.*