25435. JACKSON v. THE STATE.

Argued September 10, 1969—Decided December 4, 1969.

*Bobby L. Hill,* for appellant.

*Andrew J. Ryan, Jr., District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, William R. Childers, Jr., Assistant Attorneys General,* for appellee.

Felton, Justice. The defendant was convicted of rape with no recommendation of mercy, thereby receiving a death sentence by law. He appeals from the judgment denying his motion for new trial, containing 22 special grounds, and enumerates as error: (1) The overruling of his motion for new trial as amended, (2) The denial of his motion for a change in venue, (3) The court's refusal to allow defendant or his counsel to appear before the grand jury to present evidence and to cross examine witnesses who appeared before it, (4) The exclusion of veniremen who stated their opposition to the death penalty, (5) The simultaneous submission to the jury of the issues of guilt and punishment, the statute permitting same being unconstitutional, (6) The court's permitting the death penalty to be imposed upon defendant in violation of the Eighth Amendment to the United States Constitution, (7) The court's permitting the death penalty to be unequally applied to defendant because of his race (Negro), (8) The court's failure to grant a thorough psychiatric examination of defendant.

In support of his motion for a change in venue, the defendant introduced in evidence nine local newspaper articles published during the month of October, 1968, prior to the December 10, 1968, trial of the case. A reading of the articles reveals that all are merely factual accounts of the events in which the defendant allegedly participated and that the defendant was consistently reported to have been "accused" or "allegedly" guilty of various crimes, rather than actually to have committed the crimes. The report of the angry reaction of the local residents to the failure of the prison and police of-

ficials to warn them of the presence of an escaped convict in their area was likewise factual and not of itself inflammatory. The one editorial introduced was likewise factual and not wild or accusatory, urging merely a constructive and cautious approach to the local problems relating to escaping prisoners generally. It appears that most of whatever prejudice existed in the community was directed at the public officials, rather than the defendant, and that there was no "pervasive prejudice in the community which denied the defendant a fair and impartial hearing" or due process of law. See *Lingo v. State*, 224 Ga. 333, 336 (162 SE2d 1) and cases cited. The trial judge did not abuse his discretion in overruling the motion for a change in venue, as contended in enumerated error 2.

■ The court did not err in refusing to allow defendant or his counsel to appear before the grand jury to present evidence and to cross examine witnesses. The defendant was not on trial at this stage of the proceedings and therefore this refusal denied him neither the right of confrontation (*Harper v. State*, 131 Ga. 771, 773 (63 SE 339); Duke v. United States, 90 F2d 840, 841, cert. denied, 302 U. S. 685, rehearing denied, 302 U. S. 649), nor equal protection of the laws. *Buchanan v. State*, 215 Ga. 791, 792 (113 SE2d 609). Enumerated error 3 is without merit.

■ Under Witherspoon v. Illinois, 391 U. S. 510 (88 SC 1770, 20 LE2d 776) the trial court did not err in excluding for cause those prospective jurors who unmistakably answered that their reservations toward capital punishment were such that they would never vote to impose the death penalty regardless of the facts in the case. *Whisman v. State*, 224 Ga. 793 (164 SE2d 719); *Hakala v. State*, 225 Ga. 629 (1) (170 SE2d 406). Cf. *Miller v. State*, 224 Ga. 627, 636 (163 SE2d 730). Enumerated error 4 is without merit.

■ *Code Ann.* § 26-1302 (Ga. L. 1960, p. 266) is not subject to the constitutional attacks presented that it violates the Eighth and the Fourteenth Amendments to the Federal Constitution by simultaneously submitting the issues of guilt and punishment to the same jury and imposing the death penalty on one convicted for rape. *Miller v. State*, 224 Ga. 627, 630,

supra; *Massey v. Smith*, 224 Ga. 721, 723 (164 SE2d 786) and cit.; *Sims v. Balkcom*, 220 Ga. 7 (2) (136 SE2d 766). As in *Miller v. State*, supra, at p. 631, there was no evidence to support the contention that "there exists a discriminatory pattern whereby the death penalty is consistently imposed upon Negro defendants convicted of raping white women." Enumerated errors 5, 6 and 7 are without merit.

■ It is contended in enumerated error 8 that the defendant was denied due process and equal protection of the laws by the court's ordering of a psychiatric examination of the defendant, in connection with his special plea of insanity, by a court-appointed psychiatrist, rather than one selected by the defendant or his counsel. An expert witness appointed by the court for a sanity examination of a defendant may not be regarded as a prosecution witness, but is instead a witness for the court, and the denial of a defendant's request to furnish a psychiatrist at public expense to assist the defense, when the court-appointed doctor has reported the defendant is sane, has been held not to constitute a denial of due process. McGarty v. O'Brien, 188 F2d 151 (1 Cir. 1951), affirming 96 FSupp. 704, cert. denied, 341 U. S. 928 (71 SC 794, 95 LE 1359), rehearing denied, 341 U. S. 957 (71 SC 1005, 95 LE 1378); United States v. Baldi, 192 F2d 540 (3rd Cir. 1951), affirmed, 344 U. S. 561 (73 SC 391, 97 LE 549). The professional qualifications of the court-appointed psychiatrist are stated in the record and are unchallenged. The basing of the psychiatrist's opinion of sanity merely upon an oral interview of about one hour does not show an inadequate examination, since the witness testified that this is the normal time such an examination takes, that he had obtained the past history from the defendant during the interview and that, in his opinion, in this particular defendant's case, no written or other tests were necessary. This enumerated error is without merit.

■ Appellant appealed from the judgment overruling his motion for a new trial, enumerated as error generally the overruling of said motion as amended, and enumerated as error specifically some, but not all, of the special grounds of said motion. His failure to argue in this court, either orally or by brief, the

general grounds and those special grounds not specifically enumerated as error, constitutes an abandonment of such grounds not argued. *Steadham v. State of Ga.*, 224 Ga. 78 (6) (159 SE2d 397); *Smith v. State*, 224 Ga. 750 (5) (164 SE2d 784); *Beeks v. State*, 225 Ga. 200 (4) (167 SE2d 156).

■ While the general grounds of the motion for a new trial were technically waived for the foregoing reason, nevertheless, in a capital felony case such as this one, we feel constrained to rule on them, even though they have not been properly argued. See *Dixon v. State*, 224 Ga. 636, 637 (163 SE2d 737). An examination of the record reveals that the verdict was amply authorized by the evidence, which shows that the defendant was apprehended just one block away from the scene of the crime only a few hours after its perpetration and was positively identified by the victim and by his fingerprints inside the victim's home.

The court did not err in its judgment overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. All the Justices concur.*