### 25678. WALKER v. THE STATE.

NICHOLS, Justice. The defendant was convicted of rape, and, after a motion for new trial was overruled, filed the present appeal. This is a companion case to *Mitchell v. State*, 225 Ga. 656 (171 SE2d 140), where the conviction of a co-indictee was affirmed. During the trial of the case the defendant was represented by an employed attorney who withdrew from the case before the trial court ruled on the motion for new trial. On appeal the defendant is represented by other counsel employed to represent him.

1. "Under *Witherspoon v. Illinois*, 391 U. S. 510 (88 SC 1770, 20 LE2d 776) the trial court did not err in excluding for cause those prospective jurors who unmistakably answered that their reservations toward capital punishment were such

that they would never vote to impose the death penalty regardless of the facts in the case. *Whisman v. State,* 224 Ga. 793 (164 SE2d 719); *Hakala v. State,* 225 Ga. 629 (1) (170 SE2d 406). Cf. *Miller v. State,* 224 Ga. 627, 636 (163 SE2d 730)." *Jackson v. State,* 225 Ga. 790, 792 (171 SE2d 501). The fifth enumeration of error is without merit.

2. An objection to evidence in the language "I object to this being admitted" or "I will object" is insufficient to present a question on appeal as to the admissibility of evidence. See *Smith v. Smith,* 223 Ga. 560 (7) (156 SE2d 901), and citations. Accordingly, the sixth enumeration of error is without merit.

3. Where during the trial of a criminal case a hearing is held outside the presence of the jury with reference to the voluntariness of a statement made by the defendant and at such hearing it is undisputed that prior to making such statement the defendant was advised of his constitutional rights and thereafter voluntarily made a statement the requirements of Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908, 1 ALR3rd 1205) are met, and the admission of such statement, and the facts surrounding it, into evidence is not error. Accordingly, enumerations of error 7, 8, 10, 11, 12 and 20 are without merit.

4. While there was evidence adduced on the trial of the case as to the circumstances of the defendant's arrest no contention was made on the trial as to any illegal arrest and the defendant in his statement showed that no illegal arrest was in fact made. Accordingly, the ninth enumeration of error shows no error.

5. Where a co-indictee is called as a witness by a defendant and is cross examined by the State and no objection is made to such cross examination on the trial of the case, no question as to the admissibility of such evidence is made by an enumeration of error raising the issue for the first time on appeal. See *Bodrey v. Bodrey,* 224 Ga. 348 (2) (161 SE2d 864). The thirteenth enumeration of error is without merit.

6. Where an in-custody written statement of a defendant is offered in evidence it must be shown that no constitutional rights of the defendant were violated in obtaining such statement, but once such showing is made (before the court alone and then before the jury) and there is no evidence that such rights have been violated the question for the jury is whether

the statement was voluntarily made; and a charge embodying the principles of law contained in *Code* §§ 38-411 and 38-420 is not error because of the failure to charge the principles of law which deal with the admissibility of such statement into evidence. Enumeration of error numbered fourteen is without merit.

7. Evidence was introduced to show a conspiracy and a charge on such subject was authorized by the evidence. Compare *Jackson v. State*, 225 Ga. 39, 44 (165 SE2d 711). The fifteenth enumeration of error is without merit.

8. A charge on the effect of evidence of similar crimes by a defendant when there is no evidence adduced of any crime having been committed by the defendant other than on the occasion alleged in the indictment and for which the defendant is on trial is at most harmless error and not ground for a new trial. The sixteenth enumeration of error is without merit.

9. Where as in the present case the defendant in his unsworn statements freely admits that he freely made a written statement to police officers it is not reversible error, in the absence of any objection on the trial of the case, to permit the written waiver of counsel signed by the defendant before he made a statement to arresting officers to go with the jury to the jury room as do other exhibits. The case of *Walker v. State*, 215 Ga. 128 (109 SE2d 748), and other cases relied upon by the defendant all involved situations where a timely objection was made to written testimony going into the jury room with the jury.

10. Under the decision in United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149), courtroom identification is strictly regulated where the witness has previously identified the prisoner in a line-up at a time when the prisoner is not represented by counsel. However, where then the prisoner admits his presence at the scene and introduces witnesses in his own defense who place him at the scene of the alleged crime, and where there is evidence of his fingerprints being found at the scene of the alleged crime so that courtroom identification by such witness is not the real basis of identification, a new trial will not be granted merely because the prisoner was not represented by counsel during such line-up.

11. It is not error to fail to charge on circumstantial evidence where the case is not wholly dependent thereon. *Pippins v. State,* 224 Ga. 462 (162 SE2d 338); *Williams v. State,* 196 Ga. 503 (1) (26 SE2d 926). Accordingly, where as in the present case the State's case against the defendant was not dependent entirely upon circumstantial evidence it was not error to fail to charge on circumstantial evidence.

12. Where a defendant is represented by employed counsel who is admitted to the Bar of this State in good standing, a prima facie case is made that the defendant was represented by a competent attorney. See *Hill v. Balkcom,* 213 Ga. 58 (96 SE2d 589). Compare *Woods v. State,* 222 Ga. 321, 323 (149 SE2d 674). The complaints made as to lack of representation by the trial counsel employed to represent the defendant relate to tactical judgments made by such counsel and, in the absence of a showing, and there is none in the present case, that the trial counsel's loyalty, integrity or best use of his ability is questioned, a new trial will not be granted on the ground that the defendant was not afforded competent representation.

13. The remaining enumerations of error all relate to the comparison of the evidence in this case with that adduced on the trial of the co-indictee (*Mitchell v. State,* 225 Ga. 656, supra), which conviction was upheld and requires a finding in the present case that the evidence authorized the verdict of guilty. The trial court did not err in overruling the defendant's motion for new trial.

*Judgment affirmed. All the Justices concur, except Mobley, P. J., and Felton, J., who dissent. Hawes, J., not participating.*

SUBMITTED MARCH 11, 1970—DECIDED APRIL 9, 1970—REHEARING DENIED APRIL 23, 1970.

*G. Douglas Dillard,* for appellant.

*Richard Bell,* District Attorney, *Eugene Highsmith, Arthur K. Bolton,* Attorney General, *Harold N. Hill, Jr.,* Executive Assistant Attorney General, *Marion O. Gordon,* Assistant Attorney General, *Charles B. Merrill, Jr.,* for appellee.

FELTON, Justice, dissenting in part. I dissent from the judgment and sentence and from the rulings in Divisions 1 and 8.

1. As to Division 1 of the majority opinion. The rule is as stated in Division 1 of the majority opinion, that jurors are

disqualified for cause to serve when they unmistakably answer that their reservations toward capital punishment are such that they would *never* vote to impose the death penalty regardless of the facts in the case.

In this case the following question was asked the jurors: "Have you already decided that should you and your fellow jurors find the defendant guilty of the capital offense charged, would you vote to return a recommendation for mercy so as to avoid the imposition of a death penalty without regard to the facts and circumstances that might emerge during the course of this trial?" to which four jurors answered in the affirmative and were excused over the objection of defendant's counsel that they could serve as jurors.

The Witherspoon case, supra, states the law as precisely as it can be stated. In the trial of a capital case the prosecution should question jurors in such a way that it will be absolutely clear that the jurors' answers will unmistakably and without equivocation mean that they would *never* vote to impose the death penalty regardless of the facts of the case as to the guilt of the defendant. My view is that in this case the prosecution did not ask a question which would without doubt make it clear that the jurors' qualifications could be ascertained by the question asked. In response to the question asked the answer could reasonably be construed to mean that the jurors would vote to recommend life imprisonment on preliminary ballots so as to endeavor to avoid the imposition of a death sentence but does not exclude the idea that they would vote for the death penalty on the final ballot if they did not succeed, alone or with other jurors, in avoiding the imposition of the death penalty. Legal rules are made for the innocent as well as the guilty and it behooves judges, who have no way of knowing what the truth is, to "hew to the line," and not whittle away the safeguards provided by the law until they bear no resemblance to the safeguards originally intended. Obedience to conscience and principle does not mean softness in the administration of justice. It does mean uniform application of rules of law which guarantee fair and impartial trials to guilty and innocent alike, to rich and poor, to fortunate and unfor-

tunate, to all people charged with crime, with equal and impartial consideration. It is too easy to elicit the information required in the Witherspoon case, supra, by a simple proper question to run the risk of not doing so by substituting another question less likely to produce the desired result.

2. As to Division 8 of the majority opinion. The court in this case charged the jury as follows: "Now, I charge you further that this defendant is on trial for the particular offense charged in this bill of indictment and none other. Where knowledge, motive, intent, good or bad faith or other matters dependent upon a person's state of mind are involved as a material element in a criminal offense with which a defendant is charged, evidence of the defendant's conduct with reference to similar transactions about the same time is admissible for the consideration of the jury insofar only as they may tend to illustrate the state of the defendant's mind on the subject involved.

"Whether or not they do so illustrate it is a question of fact for the jury. Any evidence with reference to other offenses of the defendant should be limited by the jury to consideration of the state of the defendant's mind with reference to the subject involved in the case now on trial."

This part of the charge was erroneously given for the reason that the only other crime shown to have been committed about the same time as the offense charged against the defendant in this case was robbery and it was not similar to the offense of rape. It was therefore improper to authorize the jury to consider the robbery offense as showing motive, plan, scheme, method of operation, etc. *Anderson v. State,* 222 Ga. 561, 563 (150 SE2d 638); *Green v. State,* 172 Ga. 635 (158 SE 285); *Walker v. State,* 220 Ga. 415, 424 (139 SE2d 278). Where a charge is not authorized by the evidence it is presumed harmful unless the record shows that it was not harmful either by the fact that the record shows it was beneficial to the defendant, or shows that the verdict was demanded by the evidence, or that the charge was immaterial on the question of guilt or innocence or was for some other reason harmless to the defendant. I do not believe that this charge could be said to have been harmless to the defendant.