25811. JOHNSON v. THE STATE.

Argued May 12, 1970—Decided June 9, 1970—
Rehearing denied June 25, 1970.

*Glenn Zell*, for appellant.

*Lewis R. Slaton, District Attorney, Carter Goode, J. Melvin England, Tony H. Hight, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, William R. Childers, Jr., Assistant Attorneys General*, for appellee.

MOBLEY, Presiding Justice. The defendant (appellant here) was indicted for murder, was tried and convicted without rec-

ommendation, and sentenced to death. The appeal is from the denial of his motion for new trial, as amended, which is enumerated as error. Nine other assignments of error are made.

■ The trial court excused 16 jurors for cause on the ground that they would not inflict the death penalty regardless of the evidence. The defendant contends that the answers of five of them on voir dire did not justify their being excused.

Their answers make it unmistakably clear that they would automatically vote against the imposition of capital punishment without regard to any evidence that might be developed in the case. Under Witherspoon v. Illinois, 391 U. S. 510 (88 SC 1770, 20 LE2d 776); and *Whisman v. State*, 224 Ga. 793 (164 SE2d 719), the jurors were disqualified to sit as jurors in the trial of the case.

There is no merit in enumerations of error 1, 2, and 3, all of which involve the question of disqualification because each juror could not impose the death sentence under any circumstances.

■ Enumeration of error 4 alleges that the court erred in admitting in evidence, over objection, pictures of the deceased, who was naked and wearing a death mask, on the grounds that it would inflame the minds of the jury, and that it was unnecessary because he stipulated everything the pictures would show.

Applicable here is the ruling of this court in *Bryan v. State*, 206 Ga. 73, 74 (55 SE2d 574), that photographs showing an accurate representation of an object which is material to the issue are admissible, that the location of wounds is material to the issue in a homicide case, and that photographs should not be excluded because there is other testimony as to the location of the wounds, since to do so would preclude the State from establishing a fact by more than one source of evidence. The *Bryan* case was cited in *Hill v. State*, 211 Ga. 683 (3) (88 SE2d 145).

The photographs were admissible to show the condition of the body of the deceased and the nature and extent of his wounds, and were used to illustrate medical testimony as to the cause of death of the deceased. They were not inadmis-

sible because they might inflame the jury, as they were relevant and material to the issue. See *Manor v. State*, 223 Ga. 594 (5) (157 SE2d 431).

This ground is without merit.

■ Enumeration of error 5 makes the contention that the State, after resting its case, may not on rebuttal introduce an oral confession of the defendant made to an officer, when the defense raised only the question of insanity of the defendant.

A psychiatrist, a witness for the defendant, testified as to the mental condition of the defendant. In doing so, he recounted statements of the defendant which were in conflict with his confession. The State offered the confession to rebut statements made by the defendant to the doctor.

The trial judge has a wide discretion in the handling of the trial, and it was not error to permit the State to reopen its case. *Mobley v. State*, 221 Ga. 716 (4) (146 SE2d 735). This court in *Bigelow v. Young*, 30 Ga. 121 (3), held: "It is within the discretionary power of the court to allow a witness to be sworn, after the evidence on both sides has been announced closed, and the argument has been commenced; and a liberal practice in this respect is most favorable to the ends of justice." In *Burden v. State*, 182 Ga. 533, 534 (186 SE 555), it was held that it was not error for the court to reopen the case and allow the State to introduce additional evidence even though the evidence was not in rebuttal. See *Britten v. State*, 221 Ga. 97, 100 (143 SE2d 176), and citations.

It was not error to admit the testimony of the officer in rebuttal after the State had closed its case.

■ Enumeration of error 6 contends that the confession was not voluntary and it was error to admit it in evidence.

The trial court held a hearing outside the presence of the jury to determine its voluntariness before introduction of the confession as required by Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908, 1 ALR3d 1205). The defendant's counsel admits that the detective conformed to the procedure required in Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974). *Moody v. State*, 224 Ga. 301 (161 SE2d 856); *Griffith v. State*, 116 Ga. App. 429 (157 SE2d 894).

■

There is no evidence supporting the defendant's contention that the confession was not voluntary. This ground is without merit.

■ Enumeration of error 7 complains that the court erred in not declaring a mistrial because of prejudicial remarks made by the district attorney in his closing argument to the jury to the effect that the defendant, if given a life sentence, may jeopardize someone else's life, that the defendant may kill again, and that the defendant will kill anybody and may kill you or a member of your family.

The defendant made no objection to the argument or motion for mistrial. "It has been held by this court many times that, when improper argument is made to the jury by an attorney for one of the parties, it is necessary, in order to make same a basis for review, that opposing counsel make proper objection to it at the time made or invoke some ruling or instruction from the court respecting it, either by way of reprimanding counsel, or of instructing the jury to disregard it, or of declaring a mistrial. A party can not during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later. *Code* § 81-1009; *Croom v. State,* 90 Ga. 430 (17 SE 1003); *Farmer v. State,* 91 Ga. 720 (18 SE 987); *Kearney v. State,* 101 Ga. 803 (29 SE 127, 65 ASR 344); *O'Dell v. State,* 120 Ga. 152, 155 (47 SE 577); *Benton v. State,* 185 Ga. 254 (194 SE 166); *Mims v. State,* 188 Ga. 702 (4 SE2d 831); *Brooks v. State,* 183 Ga. 466 (188 SE 711, 108 ALR 752)." *Joyner v. State,* 208 Ga. 435, 438 (67 SE2d 221); *Moore v. State,* 222 Ga. 748, 755 (152 SE2d 570).

In the absence of any objection to the argument complained of, the trial court did not err in not reprimanding the district attorney or declaring a mistrial. *Cochran v. State,* 213 Ga. 706 (2) (100 SE2d 919); *Moseley v. Moseley,* 214 Ga. 137 (9) (103 SE2d 540).

■ Enumeration of error 8 contends that the court erred in not charging on delusional insanity even without a request to charge.

The defendant offered no testimony other than that of a psychiatrist who examined him on July 15, 16, 17, and 18, 1969, while he was at Grady Hospital, after the crime was committed on May 5, 1969. It was his opinion that the defendant was psychotic at the time he saw him, which, he said, is classified by the American Diagnostic Psychiatric manual as acute schizophrenic. He saw no organic brain impairment.

He tesified that in his opinion the defendant knew the difference between right and wrong, that the defendant knew it was wrong, at the time he talked to him, for anyone to take a pistol and go into a shop and rob someone. From what the defendant told him, he was of the opinion that during the robbery the defendant panicked and at that time the issue of right or wrong was not considered by him.

The law governing this question is well stated in *Barker v. State*, 188 Ga. 332, 333 (4 SE2d 31), as follows: "The general rule is that if a man has reason sufficient to distinguish between right and wrong in relation to a particular act about to be committed, he is criminally responsible. *Roberts v. State*, 3 Ga. 310; *Carr v. State*, 96 Ga. 284 (22 SE 570). While there is an exception to this rule, to the effect that although a man has reason sufficient to distinguish between right and wrong as to a particular act about to be committed, yet if, in consequence of some delusion brought about by mental disease, his will was overmastered so that there was no criminal intent with reference to the act in question, he will not be held as criminally responsible (*Roberts v. State*, supra; *Flanagan v. State*, 103 Ga. 619 (30 SE 550); *Taylor v. State*, 105 Ga. 746 (31 SE 764); *Allams v. State*, 123 Ga. 500 (51 SE 506); *Rozier v. State*, 185 Ga. 317 (195 SE 172)), which is commonly referred to in the decisions as delusional insanity, yet in order for such defense to be available on a trial for murder, it must appear, not only that the defendant was actually laboring under a delusion (*Goosby v. State*, 153 Ga. 496 (112 SE 467)), but 'that the act itself is connected with the particular delusion under which the prisoner is laboring' (*Roberts v. State*, supra), and also that the delusion was as to a fact which, if true, would justify the act. *Mars v. State*, 163 Ga. 43 (135 SE 410); *McKinnon*

*v. State,* 51 Ga. App. 549 (181 SE 91); *Choice v. State,* 31 Ga. 424, 478; *Hill v. State,* 64 Ga. 453 (3a)." See also *Mullins v. State,* 216 Ga. 183, 187 (115 SE2d 547).

If in fact, the defendant suffers delusional insanity, there is no evidence whatever that he was actually laboring under a delusion when he killed the deceased, nor that the act itself was connected with the particular delusion under which he was laboring, or that the delusion was as to a fact which, if true, would justify the act.

The court gave a charge on the general rule as to the question of sanity. The failure of the court to charge on delusional insanity was not error.

■ Enumeration 9 alleges that the court erred in submitting to one jury the issue of innocence or guilt of the defendant as well as the issue of punishment, in violation of his rights under the equal protection and due process clauses of the United States Constitution.

This question was decided adversely to the defendant's contention in *Jackson v. State,* 225 Ga. 790, 792 (171 SE2d 501), citing *Miller v. State,* 224 Ga. 627, 630 (163 SE2d 730).

■ Enumeration 10, which alleges that the court erred in overruling the defendant's motion for new trial, as amended, was not argued by the defendant except as to the specific enumerations of error previously dealt with in this opinion. The general grounds and other special grounds of the motion for new trial which were not argued will be considered abandoned. The defendant offered no evidence other than that of the psychiatrist as to his mental condition.

*Judgment affirmed. All the Justices concur.*